MONTICELLO MUTUAL BUILDING AND LOAN ASSOCIATION, a Corporation of New Jersey, Appellant, *v.* HARRY RAPP and Others, Respondents.

First Department, May 13, 1932.

*Sidney S. Levine* of counsel [*Arnstein & Levine*, attorneys], for the appellant.

*Morris S. Schector*, for the respondents.

McAvoy, J. Plaintiff sought to set aside three conveyances of real property made by defendant Harry Rapp to the defendant 335 Crimmins Ave. Realty Co., Inc., and a transfer by the defendant Harry Rapp of his glass business to his son, the defendant Nathan Rapp, on the ground that said conveyances and transfers were made without consideration and while Harry Rapp was insolvent. The alleged effect of these transfers was to defeat plaintiff in enforcing payment of a bond secured by mortgage and given by the defendant Harry Rapp, which was in default at the time of said transfers and subsequently reduced to judgment, upon which a deficiency judgment was entered in this State.

There are no findings in the record, although the judgment recites that a decision was made and filed containing the facts found and the conclusions of law. The judgment must be reversed on this procedural ground, but we conclude that it was improperly granted upon the proof of plaintiff which presented a *prima facie* case of transfers of a debtor's property while insolvent.

Up to April, 1931, the defendant Rapp was the owner in fee simple and of record of premises known as 148 St. Ann's avenue, 335 Crimmins avenue, and 200 St. Ann's avenue in the borough of Bronx, city of New York.

Between April 8, 1931, and April 13, 1931, the defendant Harry Rapp, with his wife, Rebecca, joining, made conveyances of the

said three parcels of real property to defendant 335 Crimmins Ave. Realty Co., Inc.

A witness was produced who testified that he was the attorney in March, 1931, for the defendant Harry Rapp. He stated that he prepared the deeds which plaintiff is seeking to set aside in this action; that he organized the corporate grantee in said deeds, to wit, defendant 335 Crimmins Ave. Realty Co., Inc.; that the organization certificate of said corporate defendant was filed in Albany on the 2d day of April, 1931 (the same day the foreclosure sale took place in New Jersey). He further testified that up to a week before the trial he was the secretary of said corporate defendant and that with the exception of one share issued to the defendant Nathan Rapp, the son of defendant Harry Rapp, the entire issue of fifty shares of said corporation was issued to Sarah Katzman, the daughter of the defendant Harry Rapp. Defendant Harry Rapp became the president of defendant 335 Crimmins Ave. Realty Co., Inc.

It was shown from defendant Rapp's examination in supplementary proceedings that he purchased premises 148 St. Ann's avenue seventeen years ago, paying at that time $9,000, $1,500 thereof being paid in cash; that he acquired premises 200 St. Ann's avenue in an exchange, and that he owned 335 Crimmins avenue for about four years, paying $77,000 therefor, $14,000 thereof being in cash; that he gave away 335 Crimmins avenue to the corporation; that the corporation gave him nothing for any of the properties.

The defendant Harry Rapp ultimately testified after some wavering in that examination that $1,000 consideration, alleged to have been paid to him, was his own money kept in his own name in his savings bank, with a mental reservation, however, that the money, although in his own name in his bank, should belong to his daughter.

The defendant Harry Rapp also stated in his examination supplementary to execution that after said transfers were made, he was without any property, and that he had " nothing."

Defendants contend that the plaintiff has failed to prove that the defendant Rapp was insolvent immediately after the conveyances and transfer of his property; that the conveyances and transfer were made with an intent to defraud, and that thus a *prima facie* case was not proven.

We hold that there was a presumption of fraud under sections 273 and 279 of the Debtor and Creditor Law (added by Laws of 1925, chap. 254), as to defendant Rapp's transfers in the instances cited.

The court below, in dismissing the complaint, failed to take into consideration that at the time of the transfers the defendant Harry

Rapp was in default in paying a valid and subsisting obligation on his bond, and that a judgment of foreclosure had been entered against him upon said default.

Section 279 of the Debtor and Creditor Law provides: " Where a conveyance made or obligation incurred is fraudulent as to a creditor whose claim has not matured he may proceed in a court of competent jurisdiction against any person against whom he could have proceeded had his claim matured, * * *."

It was not essential that plaintiff, in order to have the conveyances set aside, should establish that it was a judgment creditor at the time of the transfers. There must be a new trial as no defendants were heard below, and, as above stated, no findings upon which we could direct final judgment.

We think the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.