## (January 10, 1966)

■ ACADEMY STREET REALTY CORPORATION, Respondent, v. ANNETTE I. YOUNG, et al., Defendants, and JOHN R. WEATHERBY, et al., Appellants.— In an action pursuant to article 15 of the Real Property Law (now Real Property Actions and Proceedings Law) for a determination that specified restrictive covenants contained in certain deeds are no longer in full force and effect, defendants appeal from an order of the Supreme Court, Dutchess County, entered May 12, 1965, which on the court's own motion struck the action from the Jury Calendar and placed it on the Non-Jury Calendar. Defendants' answer pleaded a counterclaim for injunctive relief. Order affirmed, with $10 costs and disbursements. By pleading an equitable cause of action, defendants have waived their right to a jury trial. (*Noto* v. *Headley*, 21 A D 2d 686.) Beldock, P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

■ JAMES DE FRANCO et al., Respondents, v. ANCAR TRANSPORTATION CORP. et al., Appellants.— In a negligence action to recover damages to person and property, defendants appeal, by permission of this court, from an order of the Appellate Term of the Supreme Court, dated April 9, 1965, which modified a judgment of the Civil Court of the City of New York, Queens County, entered June 27, 1963, after a nonjury trial, by increasing the 6 cents damages awarded to plaintiff James De Franco to $2,500, and the 6 cents damages awarded to plaintiff Marie De Franco to $800. Order of the Appellate Term modified by directing a new trial, with costs to abide the event, unless within 10 days from the entry of the order hereon the defendants stipulate to modify the judgment of the Civil Court so as to increase the award of damages therein to plaintiff James De Franco to the sum of $2,500 and to plaintiff Marie De Franco to the sum of $800. As so modified, the order is affirmed, without costs. In our opinion, assuming that the plaintiffs might be entitled to the increase in the nominal damages awarded, as was found by the Appellate Term in sound discretion a new trial should have been directed unless defendant stipulates to pay such increase in damages (*Masso* v. *Hanscom Realty Corp.*, 254 App. Div. 756). Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ In the Matter of PIERSE'S BROADWAY WINE AND LIQUOR CO., INC., Respondent, v. STATE LIQUOR AUTHORITY et al., Appellants.— In a proceeding pursuant to section 123 of the Alcoholic Beverage Control Law to enjoin Joseph Mage from engaging or participating in the sale of liquor, wine and cider at retail at a stated address for off-premises consumption, or from carrying on such business at said premises contrary to provisions of the Alcoholic Beverage Control Law, the State Liquor Authority and the said Mage appeal from an order of the Supreme Court, Kings County, entered September 8, 1965, which, among other things: (1) denied their cross motion pursuant to CPLR 404 to dismiss the petition upon objections in point of law; (2) directed them to serve and file their answers; (3) ordered that any of the parties, upon two days' notice, may renotice the matter for disposition on the merits at Special Term, Part I; and (4) stayed the Authority from taking any steps toward effectuating its approval of the application for the license. Order affirmed, without costs, in all respects except as to such part thereof which contains the stay, and as to such part, the appeal is dismissed as academic, this court having previously vacated it (*Matter of McNulty* v. *State Liq. Auth.*, 24 A D 2d 599, affd. 17 N Y 2d 434). The time to answer is extended until 20 days after entry of the order hereon. Beldock, P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.