■ NATIONAL COMMERCIAL BANK AND TRUST COMPANY, Respondent, v JOHN F. NILES, Defendant, and ANTOINETTE SHARP, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered December 27, 1976 in Albany County, upon an order which granted summary judgment in favor of the plaintiff. Defendant Sharp cosigned a promissory note in blank made payable to the plaintiff at the request of defendant Niles. Defendant Niles subsequently negotiated a loan of $11,999.40, the proceeds of which he received on February 18, 1975. Defendant Sharp was notified by letter of the amount of the loan. Niles absconded shortly thereafter. Defendant Sharp made monthly payments on the loan until December 20, 1975 when she defaulted. Summary judgment was granted to plaintiff pursuant to CPLR 3212 and defendant's cross motion to amend her answer to the complaint was denied. Defendant Sharp contends on this appeal that summary judgment was improvidently granted. We disagree. The plaintiff has set forth evidentiary facts sufficient to satisfy its burden of proof. The terms of the note are not denied by defendant Sharp in her affidavit. She has failed to demonstrate the existence of a triable issue of fact. Under such circumstances, summary judgment is properly granted *(Greenberg v Manlon Realty*, 43 AD2d 968). Defendant Sharp raises on this appeal, as well, the denial by the court of her motion to interpose an amended answer in which she alleges unauthorized completion of the note, lack of consideration and misrepresentation constituting bad faith on the part of the plaintiff. We agree with Special Term. The proposed amended answer fails to raise a triable issue of fact and its interposition was properly denied. Defendant Sharp is liable on the note even though the amount filled in was larger than

stipulated with the person to whom immediate delivery was made *(National Exch. Bank of Albany v Lester,* 194 NY 461; 41 NY Jur, Negotiable Instruments, § 74). As an accommodation party, she need not have received consideration. Consideration for the instrument is found in the $11,999.40 received by defendant Niles (41 NY Jur, Negotiable Instruments, § 192). Finally, defendant Sharp's alleged defense of misrepresentation is not supported by any evidentiary facts in either of her affidavits supplied in support of the motion. Judgment affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.