■ RICHARD A. HICKLAND, Plaintiff, v ALICE M. HICKLAND, Defendant. (Action No. 1.) ALICE M. HICKLAND, Respondent, v RICHARD A. HICKLAND et al.,

Appellants, and EDWARD McCLELLAN et al., Respondents, et al., Defendant, and GEORGE GILCHRIST, Intervenor-Respondent. (Action No. 2.) — Appeal in action No. 2 from a judgment of the Supreme Court in favor of plaintiff, entered March 7, 1983 in Washington County, upon a decision of the court at Trial Term (Clyne, J.), without a jury. ¶ The history of this decade-long matrimonial dispute is recorded in *Hickland v Hickland* (79 AD2d 736), *Hickland v Hickland* (46 AD2d 954, mod 39 NY2d 1, cert den 429 US 941) and *Hickland v Hickland* (46 AD2d 1, mot for lv to app den 35 NY2d 646). This appeal by Richard Hickland, his present wife Sandra Hickland and his sister Adelaide Eaton from an order entered in a partition action, which has been consolidated with a divorce action brought by Richard against Alice Hickland, brings up for review the disposition of the proceeds of a sale, made pursuant to court order in the divorce action, of a parcel of property previously held by Richard and Alice as tenants by the entirety. The parcel of property, which is known as the "Argyle Farm", is located in the Town of Argyle, Washington County. Although the sale has not as yet been consummated, apparently because of Richard's refusal to convey his interest, the buyer after tendering the purchase price of $120,000 was awarded a default judgment against Richard for specific performance. ¶ After directing payment of various fees and expenses associated with the sale of the Argyle Farm, one half of the remaining proceeds are to be paid to Alice free and clear of any liens; the other half is to be paid to Richard subject to the payment of specified judgments, including judgments in Alice's favor totaling approximately $15,900, representing alimony and child support arrearages. Default judgments for non-payment of support obtained by Sandra against Richard while living with him were not honored by the court and a judgment secured against Richard by Eaton was respected only to the extent of $15,000. Eaton has a judgment for $65,809.72, $15,000 of which represents the unpaid balance of a 1969 loan to Richard, which allegedly supplied the funds enabling him to purchase the Argyle Farm. The balance comprises expenditures for improvements and repairs to the Argyle farmhouse incurred after July, 1972, when Richard had conveyed the Argyle Farm as well as properties at Cossayuna Lake and in the Town of Salem to his sister, after Alice, pursuant to a separation agreement, had transferred her interest as a tenant by the entirety in all three properties to him. In November, 1973, the separation agreement was rescinded and Richard and Alice were restored to the status of joint owners of all the properties, the transfer to Eaton having been found to have been illusory (*Hickland v Hickland,* 46 AD2d 1, *supra*). Richard, Sandra and Eaton have each appealed; they object to Trial Term's procedural handling of the matter as well as the adjudged apportionment. Eaton also maintains that she has an equitable lien on the Argyle Farm for both the loan and the cost of improvements. ¶ Eaton contends that the trial was procedurally defective because the trial court failed to order a reference to determine whether there were any creditors that might be affected by the sale and because she was entitled to a jury trial. Subdivision 1 of section 913 of the Real Property Actions and Proceedings Law provides that "the court shall ascertain, by reference or otherwise" whether any creditor who is not a party has a lien; thus, a reference may not be mandatory. In any event, since this issue was not advanced earlier and there is no showing that any creditor was prejudiced, the interest of justice does not require an exception to the salutary rule which prohibits the raising on appeal of an issue which was not presented below (*Antinelli v Toner,* 74 AD2d 996, 997). Nor was a jury trial required. Eaton waived that right when she asserted equitable counterclaims which relate to and emanate from the same set of facts as does the main claim (*Academy St. Realty Corp. v Young,* 25 AD2d 435; Siegel, 1966 Supplementary Practice Commentaries, McKinney's

Cons Laws of NY, Book 7B, CPLR 4102 [1983-1984 supp], pp 75-76). ¶ Although technically correct, the procedural objection raised by Richard, to wit, that the trial court only mentions the Argyle property while the partition action refers also to the Cossayuna Lake property and the order for a judicial sale includes all three properties, is not of appreciable significance, for this opinion will be *res judicata* with respect to the distribution of the proceeds of the sale of those properties. ¶ In addition to finding the trial court's manner of handling this matter to be procedurally correct, we also find that the proceeds have been properly apportioned. The constitutionality of the statute pursuant to which Alice acquired judgments against Richard for unpaid alimony and child support has already been upheld in this case (*Hickland v Hickland,* 77 AD2d 683, 684). Although transcripts of those judgments granted by the Washington County Supreme Court and Family Court do not appear in the record, the trial court was entitled to take judicial notice of them (cf. *Matter of Doran,* 96 Misc 2d 846, 847-848). Moreover, decisions of this court attest to their existence (*Hickland v Hickland,* 77 AD2d 683, *supra; Hickland v Hickland,* 56 AD2d 978) and they are referred to several times in the record. These liens were properly asserted against Richard's portion of the proceeds. ¶ Similarly, the trial court quite correctly enforced Eaton's judgment lien for $15,000, representing the unpaid portion of the 1969 loan, against only Richard's portion of the sale proceeds. The interest of a cotenant is separate from and independent of the interests of other cotenants (*Denker v Twentieth Century-Fox Film Corp.,* 26 Misc 2d 1035, 1039, mod on other grounds 13 AD2d 627; 24 NY Jur 2d, Cotenancy and Partition, § 82), and Eaton only acquired her judgment after Richard and Alice had been made cotenants by their divorce. Additionally, because of her participation in Richard's scheme to place this property beyond Alice's reach (*Hickland v Hickland,* 46 AD2d 1, 10, *supra*), Eaton's claim to an equitable lien is barred by the "clean hands" doctrine. Moreover, there is no proof that Eaton was misled into believing she was procuring an interest in the property when she made the loan to her brother, nor any evidence that Alice was aware that the improvements made, while Eaton was record owner, would end up benefiting her, both of which are necessary predicates for imposing the lien (*Leary v Corvin,* 181 NY 222, 229; *Miceli v Riley,* 79 AD2d 165, 169, mot for lv to app withdrawn 54 NY2d 681). ¶ Finally, we indorse the trial court's refusal to assert Sandra's judgment for support and Eaton's judgment to the extent that it represents moneys expended for improvements, both judgments having been obtained by default, against Richard's portion of the proceeds on the ground that they were fraudulent conveyances (Debtor and Creditor Law, § 273). A default judgment is a conveyance under section 273 (Debtor and Creditor Law, § 270). To be fraudulent as against creditors, the conveyance must render the debtor insolvent and be made without fair consideration. As for Sandra, the only consideration she gave Richard was "love and affection", which is inadequate under the Debtor and Creditor Law (*Rush v Rush,* 19 AD2d 846), and thus gives rise to a presumption of insolvency (*Cohen v Benjamin,* 246 App Div 866, mot for lv to app den 271 NY 663). ¶ As for Eaton, although her default judgment reflects a prior transfer to the judgment debtor of some property that is the "fair equivalent" of the judgment (Debtor and Creditor Law, § 272, subd a; *Spear v Spear,* 101 Misc 2d 341, 347), it lacks the element of "good faith" necessary to attain the status of "fair consideration" (Debtor and Creditor Law, § 272, subd a). In the circumstances of this case, Richard, by purposely allowing the default judgment to be entered against him, made a voluntary conveyance, giving rise to the presumption of insolvency (*Matter of Gafco, Inc. v H. D. S. Mercantile Corp.,* 47 Misc 2d 661, 668). Furthermore, Alice's unsatisfied judgments against Richard for alimony and child support cast the burden of

going forward upon him to show that the judgment debtor retained sufficient other property to pay the obligation (cf. *Berndt v Berndt*, 192 Misc 57, 60). Inasmuch as Richard can be deemed insolvent and neither Sandra's nor Eaton's *default judgments were supported by fair consideration*, they were not enforceable against the proceeds of the sale. ¶ Judgment affirmed, with costs to Alice M. Hickland. Mahoney, P. J., Main, Mikoll and Yesawich, Jr., JJ., concur.