■ MARY A. DI BELLA, Respondent, v FRANZ POPPE et al., Defendants, and BRITISH-LEYLAND MOTORS, INC., Appellant. — Order of the Supreme Court, Queens County (Leviss, J.), dated September 15, 1983, affirmed. No opinion. ¶ Appeals from three orders of the same court, dated May 10, 1982 (Kunzeman, J.), July 21, 1982 (Kunzeman, J.), and February 1, 1983 (Farlo, J.), dismissed as academic in light of the determination on the appeal from the order dated September 15, 1983. ¶ Plaintiff is awarded one bill of costs. Titone, J. P., Mangano, Thompson and Brown, JJ., concur.

■ FIRST NATIONAL BANK OF LONG ISLAND, Respondent, v ROB-GLEN ENTERPRISES, INC., et al., Appellants. — In an action to recover on a series of promissory notes, defendants appeal from a judgment of the Supreme Court, Nassau County (Lockman, J.), dated January 7, 1983, which, *inter alia,* granted plaintiff's motion for summary judgment, denied defendants' cross motion to dismiss the complaint or alternatively for summary judgment in their favor, and awarded plaintiff $52,211.77. ¶ Judgment affirmed, with costs. ¶ The promissory notes in question were executed by defendant Rob-Glen Enterprises, Inc., on September 9, 1976 and delivered to the Dolly Cam Corp. in return for a loan of $46,000. At the same time, the individual defendants executed identical guarantees of payment for each of the notes waiving presentment, demand, protest, notice of protest and notice of dishonor. Shortly thereafter, on September 27, 1976, prior to their maturity, Dolly Cam indorsed these same notes in blank and delivered them to plaintiff's predecessor pursuant to a general loan and security agreement, as security for past and future debts. ¶ A holder in due course of a negotiable instrument is one who takes the instrument for value in good faith without notice that it is overdue or has been dishonored or of any defense against it or claim to it on the part of any person (Uniform Commercial Code, § 3-302, subd [1]). ¶ Plaintiff established that it was a holder in due course of the notes in question, having taken them from the Dolly Cam Corp. as security for an antecedent debt (Uniform Commercial Code, § 3-303, subd [b]), and absent any viable defense was entitled to recover payment on the notes. We agree with Special Term that defendants' claimed defense of payment or accord and satisfaction is without merit. The payment to a third party, nonowner, nonholder of the notes and purported discharge of the obligation in bankruptcy proceedings involving that third party are without effect. In order to effect a discharge of the debt payment, satisfaction must be made to the holder of the instrument (Uniform Commercial Code, § 3-603). ¶ We have examined defendants' other contentions and find them to be equally without merit. Bracken, J. P., O'Connor, Brown and Niehoff, JJ. concur.