■ PHILIP N. FAZIO, Appellant, v DOMINIC LOWETH, Respondent, et al., Defendant.—In an action to enforce a promissory note, plaintiff appeals from an order of the Supreme Court, Suffolk County (Orgera, J.), dated July 3, 1984, which denied his motion for summary judgment in lieu of a complaint and directed that a complaint be served.

Order affirmed, with costs.

Plaintiff commenced this action, to enforce what he characterizes as a negotiable promissory note, by service of a summons and notice of motion for summary judgment in lieu of a complaint, along with supporting papers. The instrument in question, which is dated November 15, 1982, reads as follows: "This is to certify that I borrowed $15,000 from Philip N. Fazio on this day to be returned within 10 days." Below this appears what seems to be the signature of Dominic Loweth, and below that the name "North Star Petro". Although both Dominic Loweth and North Star Petroleum are named as defendants in the caption, the record does not indicate that service on North Star petroleum was ever attempted. In any event, plaintiff contends that the loan was made to defendant Loweth personally and has only sought to enforce it against Loweth.

In response, Loweth submitted an affidavit denying that he himself had ever borrowed money from plaintiff, stating that

on November 15, 1982, acting solely as an employee of North Star Petroleum, in which he had and has no interest, he "picked up" a check from plaintiff made out to North Star Petroleum, which constituted a loan from Fazio to North Star. At that time, according to Loweth, he signed a receipt for the check, solely as a representative of North Star. He further alleged that it is his "opinion" that the document now sought to be enforced is not a true copy of the document he signed.

In reply, plaintiff submitted only an attorney's affirmation describing a telephone conversation he had with plaintiff in which plaintiff told the attorney that the loan was made to Loweth personally.

Special Term denied the motion for summary judgment in lieu of a complaint and plaintiff now appeals from that order. We affirm.

It is plaintiff's contention that he is the holder in due course of a negotiable instrument upon which defendant Loweth is liable because his signature appears thereon as maker. This argument must fail for a variety of reasons.

To qualify as a negotiable instrument within the ambit of the Uniform Commercial Code article 3, a document must, among other things, constitute an unconditional promise to pay (UCC 3-104 [1] [b]) and must be made payable to order or to bearer (UCC 3-104 [1] [d]). A promise is defined as "an undertaking to pay and must be more than an acknowledgement of an obligation" (UCC 3-102 [1] [c]). The latter provision constituted a change in the law in New York, since earlier cases had found an acknowledgement of an obligation to be a promise to pay under certain circumstances (*e.g., Hegeman v Moon,* 131 NY 462; *see,* UCC 3-102, NY Ann [1] [c]).

Assuming, arguendo, that the document in this case is more than an acknowledgment of an obligation, it is not payable to order or to bearer and hence does not fulfill the requirements of UCC 3-104 (1) (d). The effect of this is to prevent plaintiff from becoming a holder in due course although, were this the only defect in the document, the other provisions of article 3 would still be applicable (*see,* UCC 3-805).

Additionally, even were plaintiff to be considered a holder in due course, he would still be subject to any valid defense asserted by defendant Loweth because Loweth is a party with whom he has dealt (*see,* UCC 3-305 [2]). Finally, although plaintiff's status as payee does not preclude him from becoming a holder in due course (UCC 3-302 [2]), he may not become a holder in due course if he takes with knowledge of a defense

(UCC 3-302 [1] [c]). Under the circumstances of this case, if Loweth's version of the facts is true, it would have been impossible for plaintiff not to have knowledge of the defense asserted by Loweth.

Because plaintiff is not a holder in due course, defendant Loweth may seek to raise any defense available on a simple contract action (see, UCC 3-306 [b], [c]; 3-408). Our examination of the record indicates that there exist questions of fact with respect to the consideration and Loweth's status in the transaction. Hence, Special Term was correct in denying plaintiff's motion for summary judgment in lieu of a complaint. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.