CHARLES McCARTHY, Appellant, v DOROTHY SESSIONS et al., Respondents.

Third Department, July 25, 1991

APPEARANCES OF COUNSEL

*Coughlin & Gerhart (Edward A. Rantanen* of counsel), for appellant.

**OPINION OF THE COURT**

HARVEY, J.

Plaintiff, a farm machinery dealer located in Pennsylvania, sold machinery on credit between 1980 and 1987 to Thomas Sessions (hereinafter decedent) to be used on a farm owned and operated by decedent and his wife, defendant Dorothy Sessions (hereinafter Sessions), located in the Town of Lisle, Broome County. Plaintiff maintained no security interest in the machinery, but decedent worked occasionally for plaintiff making deliveries and doing repair work in order to offset the amounts owed for the farm equipment. However, by the fall of 1987, decedent's health had severely declined to the point

where he and Sessions had to sell the farm machinery and one of their two farms. To confirm the amounts still owed on the machinery sales, plaintiff sought and received from decedent and Sessions a promissory note dated February 8, 1988 in the amount of $42,380.79.

On February 23, 1988, decedent and Sessions executed, delivered and recorded a deed transferring the remaining farm valued at $50,000 to defendant Marjorie Backus, as trustee for their son Raymond Sessions, in exchange for $1. On March 31, 1988 decedent died. Thereafter, plaintiff initiated this action against Sessions and Backus (hereinafter collectively referred to as defendants) to collect on the promissory note and to set aside the conveyance of the farm to Backus as a fraudulent transfer designed to evade creditors. Following a nonjury trial, Supreme Court found in favor of defendants, holding that the promissory note was not supported by consideration because the consideration consisted of an antecedent debt not recited on the note and because decedent, not Sessions, was liable on the underlying debt. Plaintiff appeals from the judgment in favor of defendants.*

■ Initially, plaintiff argues that Supreme Court erred in failing to hold Sessions liable on the promissory note executed by her and decedent in plaintiff's favor prior to the transfer of their remaining farm to Backus. We agree. In our view, plaintiff correctly contends that the note is a negotiable instrument governed by UCC article 3 and not simply a promise in writing to be construed according to General Obligations Law § 5-1105.

Here, it is apparent that the promissory note is negotiable. It is signed by the maker or drawer, contains an unconditional promise or order to pay a sum certain in money on demand or at a definite time and is payable to order (see, UCC 3-104 [1]). Further, we find that plaintiff qualifies as a holder in due course. Plaintiff took the note in good faith and without notice of any defense against it (see, UCC 3-302 [1]; see also, UCC 3-305). With respect to the requirement that a holder in due course must take the instrument for value (see, UCC 3-302 [1] [a]), we note that in this case decedent and Sessions negotiated the note to plaintiff as payment for prior farm equipment sales. Accordingly, the proof establishes that plaintiff did in fact take the note for value.

■ As for the question of Sessions' liability on the note, our

---

* Neither defendant has submitted a brief on appeal.

examination of the liability reveals that she was a maker of the note and not merely an accommodation party (see, UCC 3-118 [e]). It does not appear that she signed the instrument "for the purpose of lending [her] name to [her husband]" (UCC 3-415 [1]). Consequently, she is jointly and severally liable (see, UCC 3-118 [e]). The fact that plaintiff made the sales to decedent only does not make Sessions an accommodation party (see, 1 White and Summers, Uniform Commercial Code § 13-14, at 660-661 [3d ed]), because testimony at trial indicated that Sessions worked on the farm and benefited from the farm equipment. Because value is provided where the holder takes the note in exchange for payment of an antecedent claim against any person (see, UCC 3-303 [b]), Sessions did receive value in exchange for the note regardless of whether she or decedent purchased the equipment from plaintiff. As a maker, Sessions contracted to pay the instrument according to its tenor at the time she made the instrument (see, UCC 3-413 [1]). Significantly, the defenses good against a holder in due course are limited (see, UCC 3-305 [2]) and our review of the trial testimony reveals that no defense, particularly the defense of duress pleaded in defendants' answer (see, UCC 3-305 [2] [b]), was established. Since Sessions, as a maker, failed to establish a good defense against plaintiff, a holder in due course, Supreme Court erred in failing to hold Sessions liable on the note.

Finally, although Supreme Court did not reach this issue, we must consider plaintiff's contention that he met his burden at trial of proving that the conveyance of the farm to Backus as trustee was a fraudulent conveyance that should be set aside (see, Debtor and Creditor Law § 278). The argument has merit. Debtor and Creditor Law § 273 provides that: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." Such a situation has been presented here.

Notably, Sessions testified that the farm was sold to Backus for $1 even though documentation introduced by plaintiff valued that property at $50,000 (see, Lengares v B & A Warehousing, 159 AD2d 692, 693). Further, a manager at the Farm Credit System, an entity that makes loans to farmers, testified at trial concerning certain transactions involving decedent and Sessions. He indicated that the sale of the farm to Backus rendered them insolvent. Regardless of the intent of decedent

and Sessions regarding the transfer, this proof created a clear inference that the sale was fraudulently made without fair consideration for the purpose of rendering them insolvent so as to evade their creditors (see, *Hickland v Hickland,* 100 AD2d 643, 645, *lv denied* 62 NY2d 606, *appeal dismissed* 63 NY2d 951; *Schwonke v Banister,* 83 AD2d 752, 753; *Monticello Mut. Bldg. & Loan Assn. v Rapp,* 235 App Div 304; *Matter of Gafco, Inc. v H.D.S. Mercantile Corp.,* 47 Misc 2d 661, 665). The burden then shifted to defendants to establish the solvency of decedent and Sessions at the time of the transfer and thereby defeat the presumption of fraud (see, *Hickland v Hickland,* 100 AD2d 643, 645-646, *supra; Matter of Gafco, Inc. v H.D.S. Mercantile Corp., supra).* However, defendants presented nothing on this issue. Accordingly, plaintiff's request that the conveyance be set aside must be granted. Although plaintiff requested that a receiver be appointed for the farm in his complaint, we remit the matter to Supreme Court for a determination of whether this, or another remedy, would be more appropriate to afford plaintiff relief.

CASEY, J. P., YESAWICH, JR., MERCURE and CREW III, JJ., concur.

Ordered that the judgment is reversed, on the law and the facts, with costs, judgment awarded in favor of plaintiff, the transfer of the subject property to defendant Marjorie Backus declared null and void and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.