OPINION OF THE COURT
Herbert Kramer, J.
Plaintiff moves for an order granting summary judgment pursuant to CPLR 3212 in a mortgage foreclosure action and for the appointment of a Referee, claiming that Business Corporation Law § 909 estops defendant from raising the affirmative defense of lack of authority, by its one-year time limit.
On June 29, 1989, Vasilios Vasilopoulos, husband of defendant Maria Vasilopoulos, obtained a mortgage from plaintiff *450 covering two parcels of real property (one parcel was owned by defendant 21-02 30th Avenue Realty Inc., of which defendant Maria Vasilopoulos is the president and sole shareholder; the other was owned by defendant Panvaspan Realties, Inc.) which were mortgaged as security for a promissory note in the sum of $50,000. In order to procure the mortgage, Mr. Vasilopoulos represented to plaintiff that he was the sole shareholder and president of both defendant corporations.
DISCUSSION
Is a mortgage a conveyance in the purview of Business Corporation Law § 909?
Business Corporation Law § 909 (c) states that: "An action to set aside a deed, lease or other instrument of conveyance executed by a corporation affecting real property or real and personal property may not be maintained for failure to comply with the requirements of paragraph (a) unless the action is commenced and a notice of pendency of action is filed within one year after such conveyance, lease or other instrument is recorded or within six months after this subdivision takes effect, whichever date occurs later.”
Plaintiff contends that a mortgage is a conveyance, and since defendant did not commence an action to set it aside within one year of its execution, defendant is now estopped from asserting the mortgage is invalid.
It is well-settled law in New York that a mortgage merely creates a lien rather than conveying title, and if a property owner purports to convey title to real property as security for a loan, the conveyance is deemed to create a lien rather than an outright conveyance, even though the deed was recorded (Bean v Walker, 95 AD2d 70 [4th Dept 1983]).
The court finds that a mortgage is not a conveyance, within the boundaries of Business Corporation Law § 909. The court further finds the legislative intent was that section 909 not apply to mortgages. Business Corporation Law § 909 is derived from Model Business Corporation Act § 12.02. This section of the Model Act deals with the sale of a corporation’s assets other than in the regular course of business, as does section 909. Both of the statutes are also silent on the issue of mortgages. However, section 12.01 of the Model Act, which deals with the sale of a corporation’s assets which are within the regular course of business of a corporation, specifically states:
*451 "(a) A corporation may, on the terms and conditions and for the consideration determined by the board of directors * * *
"(2) mortgage, pledge, dedicate to the repayment of indebtedness * * * any or all of its property whether or not in the usual and regular course of business.”
This provision of the Model Act specifically takes mortgages out of the realm of section 12.02, from which Business Corporation Law § 909 is derived.
Additionally, the Legislature has specifically dealt with mortgages in Business Corporation Law § 911. That section states that a mortgage for "all or any part of the corporate property * * * no vote or consent of the shareholders shall be required to approve such action by the board.” Since section 909 only deals with conveyances that do require the consent of the shareholders, the court finds that it does not apply to mortgages.
The court finds that any time limitations for setting aside conveyances under Business Corporation Law § 909 are not applicable to mortgages and grants summary judgment to the defendants on that issue. Plaintiff's motion for summary judgment is hereby denied as there is an issue of fact as to the authority of Vasilios Vasilopoulos, the sole corporate shareholder’s husband to execute the mortgage.
Defendant Panvaspan’s cross motion for summary judgment dismissing the complaint is likewise denied. Issues of fact exist which should be determined at trial. Defendant Panvaspan’s prior motion seeking a dismissal was stayed when plaintiff filed for bankruptcy under chapter 11. To date, said stay has not been lifted.