■ EDWIN J. MINER, as Commissioner of Chautauqua County Department of Social Services, Appellant, v BEVERLY A. EDWARDS et al., Respondents. [634 NYS2d 306] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1987 Lyona Steward gave real property in Lakewood to her daughters, defendant Beverly Ann Edwards (Edwards) and Shirley Rae Rankin (Rankin), who is now deceased. At that time, Steward was the recipient of supplemental social security and medical assistance benefits administered by plaintiff, which she continued to receive until her death in 1991. On May 7, 1992, Edwards and Rankin conveyed the Lakewood property to defendants John F. Richard and Judy A. Richard (Richards) for $47,000. The Richards borrowed the purchase money and gave the lender a mortgage that was subsequently assigned to defendant Dominion Bankshares Mortgage Corporation (Dominion). It is undisputed that neither the Richards nor Dominion had knowledge of the circumstances surrounding the transfer from Steward to her daughters. The recitation in her deed that the consideration was $1 and that it was given for "no consideration—gift—value less than gift tax exemptions" was not sufficient to impose upon the Richards or Dominion the duty to inquire regarding the possibility that the property had been fraudulently conveyed. Evidence of a gratuitous transfer in the chain of title does not, without knowledge of fraud, render a conveyance fraudulent and voidable as against a purchaser or mortgagee for value *(see,* Real Property Law § 266; Debtor and Creditor Law § 278; *Anderson v Blood,* 152 NY 285, *rearg denied* 153 NY 649; *Stearns v Gage,* 79 NY 102).

It is only if the "facts within the knowledge of the purchaser are of such a nature, as, in reason, to put him upon inquiry, and to excite the suspicion of an ordinarily prudent person and he fails to make some investigation, [that] he will be chargeable with that knowledge which a reasonable inquiry, as suggested by the facts, would have revealed" *(Anderson v Blood, supra,* at 293). In our view, a transfer without consideration,

designated as a gift, from a mother to her daughters, is not one "to excite the suspicion of an ordinarily prudent person." We note further that, at the date of the conveyance to Richards, nearly seven months after the death of Steward and more than five years after the conveyance to her daughters, plaintiff had not filed a notice of lien under Social Services Law § 369.

Thus, Supreme Court properly denied plaintiff's motion for summary judgment against the Richards and Dominion. The court should, however, have granted plaintiff's motion for summary judgment against Edwards (see, Social Services Law § 369 [2] [b] [i] [B]; Debtor and Creditor Law §§ 273, 275; *Hoke v Ortiz,* 83 NY2d 323, 328, *cert denied* — US —, 115 S Ct 182; *Hickland v Hickland,* 100 AD2d 643, 645, *appeal dismissed* 63 NY2d 951). Edwards failed to overcome the presumption of insolvency that arises when a conveyance is made without consideration *(see, Hickland v Hickland, supra; Elliott v Elliott,* 365 F Supp 450 [SD NY]).

We, therefore, modify the order on appeal by granting plaintiff's motion for summary judgment on its first and second causes of action against Edwards, and otherwise affirm. (Appeal from Order of Supreme Court, Chautauqua County, Cass, Jr., J.—Fraudulent Conveyance.) Present—Green, J. P., Lawton, Callahan, Balio and Boehm, JJ.