■ KREDIEBANK N.V., Respondent, v P.T. IMPORTS, INC., Appellant. [674 NYS2d 672] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered July 17, 1997, in favor of plaintiff and against defendant, and bringing up for review an order, same court and Justice, entered May 30, 1997, which, in an action on a "draft", granted plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, without costs. Appeal from said order, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Although the draft in question was made and delivered in Belgium, and the underlying commercial transaction occurred in Belgium, the IAS Court correctly applied New York law over

Belgian law where defendant, the maker of the draft, resides and does business in New York; plaintiff, the holder of the draft, is licensed to do business in New York; the draft is payable in United States dollars in New York at defendant's bank, which has offices in New York; plaintiff presented the draft for payment in New York; and the draft was dishonored in New York (UCC 1-105 [1]; *see, Israel Discount Bank v Rosen,* 59 NY2d 428, 432, n 1). Applying New York law, it is clear that plaintiff is a holder in due course, having taken the draft for value by accepting it in exchange for reducing the original payee's outstanding line of credit—an antecedent debt (*see, First Intl. Bank v Blankstein & Son,* 59 NY2d 436, 441), and in good faith and without knowledge of any defenses where the payee and defendant admittedly "aborted" the underlying commercial transaction *after* the draft was endorsed over to plaintiff (UCC 3-304 [7]; *see, Hartford Acc. & Indem. Co. v American Express Co.,* 74 NY2d 153, 162-163). There is no evidence that plaintiff played any role in the payee's inducement of defendant to return the consideration it received for the draft, or that plaintiff ever assured defendant that it would not enforce the draft. Although plaintiff did provide a written statement of the account, it did so to the payee, not defendant. Concur—Sullivan, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.