(December 14, 1998)

ADVANTA BUSINESS SERVICES CORP., Formerly Known as ADVANTA LEASING CORP., Appellant, v FIVE C's HARDWARE & PAINT STORE, INC., et al., Respondents, et al., Defendant. [681 NYS2d 569] —In an action to recover payments due on a lease of computer equipment, the plaintiff appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), entered August 4, 1997, which denied its motion for summary judgment against the defendants Five C's Hardware & Paint Store, Inc., and Frank R. Cuccia.

Ordered that the order is affirmed, with costs.

The plaintiff assignee commenced this action seeking to

enforce what it characterized as a lease of computer equipment executed by the defendant Independent Capital Corporation (hereinafter Independent) as lessor and the respondent Five C's Hardware & Paint Store, Inc. (hereinafter Five C's) as lessee, with a personal guaranty by the respondent Frank R. Cuccia, the President of Five C's. The lease was assigned on the day of purported delivery and acceptance of the merchandise. In their answer, the respondents alleged that Five C's entered into a sale and lease-back agreement with Independent upon the promise that Independent would purchase the computer equipment from Five C's and lease it back. The respondents admit that they executed a sale and lease-back agreement but claim that Independent never gave the purchase price of $13,890 to Five C's. Instead the plaintiff gave that amount to the vendor of the computer equipment. In support of their position that Five C's owned the computer equipment, the respondents have submitted a copy of a check in the amount of $13,380 payable to Five C's and drawn on the account of a company bearing the same address as the vendor. The respondents contend that this check, which was returned for insufficient funds, represents the purchase price of the computer equipment. There are issues of fact as to whether the agreement entered into by Independent and the respondents was a lease or a sale and lease-back agreement and whether there was fraud and misrepresentation by Independent in inducing the respondents to enter into the agreement and personal guaranty.

The plaintiff contends that the respondents waived any defenses and counterclaims they may have by signing the lease agreement which provides that the rights of the assignee "will not be subject to any claims, defenses, or set-offs" which lessee may have against the lessor. The validity of this waiver is dependent upon whether the plaintiff is a holder in due course. The plaintiff bears the burden of establishing its status as a holder in due course (*see,* UCC § 3-307 [3]; *First Intl. Bank v Blankstein & Son,* 59 NY2d 436, 444). The holder must show that it has taken the instrument for value, in good faith and without notice that it is subject to any defenses or claims (UCC § 3-302 [1]; *Hartford Acc. & Indem. Co. v American Express Co.,* 74 NY2d 153, 159; *DH Cattle Holdings Co. v Reno,* 196 AD2d 670, 672; *Bank of Babylon v Zaffuto Constr. Co.,* 157 AD2d 640). In determining good faith, all the circumstances of the case must be considered (*see, A. David Schwartz, M.D., P. C. v Mastercraft Indus.,* 114 AD2d 946, 947). The relationship between the vendor, the financial company, and the assignee, should be looked at to determine whether the assignee

is so directly interested and involved in the transaction that there is an identity of interest between the assignee, the lending institution, and the vendor (*see, Avco Sec. Corp. v Post,* 42 AD2d 395, 398-399). Here there is evidence of co-participation in the underlying transaction in that the plaintiff financed the alleged sale of the computer equipment, had entered into a master agreement for assignment of leases with Independent four years prior to the execution of the subject instrument, and purchased the instrument on the same day that the respondents signed the delivery and acceptance receipt. Summary judgment was properly denied since there are issues of fact as to whether the plaintiff is a holder in due course. Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.