OPINION OF THE COURT
Lucy Billings, J.
A debtor owes a creditor and asks another party to write a *564 check to pay the debt, in exchange for the debtor’s promise to pay the other party. The check is returned for insufficient funds. As an alternative to recovering from the debtor, the creditor seeks to recover from the other party, who owed the creditor nothing. This undoubtedly common triangle of obligations somehow has escaped direct treatment in New York negotiable instruments law.
I. Background
In this case, plaintiff gave defendant Mirenberg money to purchase tickets to sports events for plaintiff. Mirenberg used part of the money as agreed but did not return $7,000 of the unspent portion. Conceding his obligation and threatened with legal action, Mirenberg asked codefendant Stamler, his fiancée, to pay the debt with a check drawn on her bank account and promised to deposit the funds to cover the check in her account. Upon this promise, Stamler gave her check for $6,000, payable to plaintiff, to Mirenberg, and he delivered it to plaintiff in partial payment of Mirenberg’s debt to plaintiff. Plaintiff accepted Stamler’s check, dated February 12, 2001, and deposited it in his bank account. Mirenberg, however, failed to deposit his promised funds into Stamler’s account, so her check was returned to plaintiff for insufficient funds.
Plaintiff seeks summary judgment against Stamler for the amount of her check, drawn on her account, payable to plaintiff, and returned to plaintiff unpaid. (CPLR 3213.) Stamler cross-moves for summary judgment dismissing her as a defendant, claiming in defense that she received no consideration for her check. Plaintiff insists he is a holder in due course and thus not subject to any defense by Stamler. (UCC 3-302, 3-305 [1], [2].) For the reasons explained below, the court grants plaintiff’s motion and denies Stamler’s cross motion.
II. Plaintiff’s Status as a Holder in Due Course
If plaintiff is a “holder in due course” of Stamler’s check (UCC 3-302), he took it free from “all claims to it on the part of any person” and “all defenses of any party to the instrument with whom the holder has not dealt” and may recover from Stamler the instrument’s face value plus interest. (UCC 3-305 [1], [2].) In the triangle of transactions presented, the only party to the check other than plaintiff is Stamler. The undisputed facts that Stamler gave her check to Mirenberg, not to plaintiff, that Mirenberg delivered it to plaintiff, and that plaintiff accepted and deposited it as payment toward a debt Mirenberg owed to plaintiff further establish that plaintiff and Stamler did not “deal” with each other under UCC 3-305. *565 Thus, if plaintiff is a holder in due course, he is not subject to any defenses on Stamler’s part.
Plaintiff, the payee of Stamler’s check, is a holder in due course if he took the instrument for value, in good faith, and without notice that the check was written on insufficient funds or that the promisor had a defense to her obligation to satisfy the instrument. (UCC 1-201 [20]; 3-102 [1] [a]; 3-302 [1], [2]; Hartford Acc. & Indem. Co. v American Express Co., 74 NY2d 153, 159, 162 [1989]; Crossland Sav. v Foxwood & S. Co., 202 AD2d 544, 546 [2d Dept 1994].) Since Stamler is the only party to the check besides plaintiff, only her claims and defenses are relevant, and for purposes of determining whether plaintiff is a holder in due course, only claims and defenses to the check are relevant. Thus, any defense to her promise to Mirenberg or claim against Mirenberg she may have is irrelevant to plaintiffs status as a holder in due course.
A. In Good Faith, Without Notice of Any Defense
Good faith is “honesty in fact in the conduct or transaction concerned.” (UCC 1-201 [19]; Banco Mercantil de Sao Paulo v Nava, 120 Misc 2d 517, 520 [Sup Ct, NY County 1983].) Although plaintiff was presumptively aware of “the insecurity that accompanies a business transaction between individuals” based on a personal check (Michaeli v Greater N.Y. Sav. Bank, 121 Misc 2d 840, 844 [Civ Ct, Queens County 1983]), notice under the Uniform Commercial Code is determined by what he actually knew, not by what he had reason to know or what would have aroused a reasonable person’s suspicion in his circumstances. (Hartford Acc. & Indem. Co. v American Express Co., 74 NY2d at 162-163; First Transcapital Corp. v King Umberto, 214 AD2d 699, 701 [2d Dept 1995].) The actual notice must be such that taking the instrument amounted to bad faith. (UCC 3-304 [7].)
In determining good faith, the court must consider all the circumstances. (Advanta Bus. Servs. Corp. v Five C’s Hardware & Paint Store, 256 AD2d 369, 370 [2d Dept 1998].) Plaintiff, who bears the burden to establish that he is a holder in due course in the face of any defense to the check, attests that he accepted Stamler’s check on Mirenberg’s representation that the check was to satisfy his debt and to forestall legal action by plaintiff against Mirenberg. (See UCC 3-307 [3]; First Intl. Bank of Israel v Blankstein & Son, 59 NY2d 436, 444 [1983]; Advanta Bus. Servs. Corp. v Five C’s Hardware & Paint Store, 256 AD2d at 370.) Plaintiff denies any knowledge of Stamler’s insufficient funds or of facts that would constitute a defense, *566 whether directly to her obligation to pay the check or to an obligation to pay for Mirenberg because he did not keep a promise to deposit funds to cover the check. (See, e.g., Kasper v Roberts, 119 Misc 2d 829, 832-833 [Civ Ct, Queens County 1983].)
Although plaintiff knew Stamler received nothing from him for her check, no evidence indicates he knew she received nothing from Mirenberg and had a claim against him, such that taking the check from Mirenberg in satisfaction of his debt amounts to bad faith. (Krediebank N.V. v P.T. Imports, 251 AD2d 248, 249 [1st Dept 1998].) Mirenberg’s transmission of the check to plaintiff was an innocuous act, insufficient in itself to give plaintiff notice of any defense to the check. It might well have represented Stamler’s payment to Mirenberg for consideration she received from him, which in fact he promised. As long as plaintiff took the check for value, he did not assume the obligation to be alert for suspicious circumstances. (See Hartford Acc. & Indem. Co. v American Express Co., 74 NY2d at 163.)
Stamler does not dispute these allegations and attests to no facts raising an issue as to plaintiffs actual knowledge that Stamler had a defense directly to her obligation to pay the check or even that she had a defense or claim against Mirenberg because she received no consideration from him for issuing a check on his behalf. (Staten Is. Sav. Bank v Contino, NYLJ, Apr. 9, 2001, at 30, col 6 [App Term, 2d Dept]; see Kahan v Sulaymanov, 229 AD2d 1027 [4th Dept 1996]; Fazio v Loweth, 112 AD2d 135, 136-137 [2d Dept 1985].) She simply maintains that she received no consideration for her check from either plaintiff or Mirenberg.
As discussed below, because plaintiff took the check for value, he satisfies all the requirements to attain the status of a holder in due course. Even if plaintiff knew Stamler received no consideration from either himself or Mirenberg, however, or otherwise lacked the good faith required for a holder in due course, Stamler’s lack of consideration does not constitute a defense to her check in any event.
B. The Value Given by Plaintiff and the Consideration Received by Stamler
A payee of a check gives value for it “when he takes the instrument in payment of or as security for an antecedent claim against any person.” (UCC 3-303 [b]; see Marine Midland Bank-N.Y. v Graybar Elec. Co., 41 NY2d 703, 711 [1977]; McCarthy v Sessions, 170 AD2d 25, 28 [3d Dept 1991]; First Natl. Bank of *567 Long Is. v Rob-Glen Enters., 101 AD2d 848 [2d Dept 1984].) Stamler’s check was in payment of plaintiffs claim against Mirenberg. Thus plaintiff took the check for value. (UCC 3-302 [1] [a]; 3-303 [b].)
Under the Uniform Commercial Code, the “value” that the payee of a check gives for it is not necessarily coextensive with the consideration that the maker of a check receives for it. Had Mirenberg written the check, in that instance the “value” given would constitute the consideration he received, and he would have no defense of failure of consideration. (Friends Lbr. v Cornell Dev. Corp., 243 AD2d 886, 887 [3d Dept 1997]; Crumbliss v Swerdlow, 158 AD2d 502, 503 [2d Dept 1990]; Tabor v Logan, 114 AD2d 894 [2d Dept 1985].)
Stamler, on the other hand, who owed no obligation to plaintiff or to Mirenberg unless he made the promised deposit in her account, derived no benefit from her payment to plaintiff on Mirenberg’s behalf, absent his deposit. Her lack of consideration from either plaintiff or Mirenberg, however, is of no consequence to plaintiffs rights. Under UCC 3-302 (1) and 3-303, the antecedent claim may be another party’s debt to the payee of a check regardless whether the value given, the antecedent claim against another party, is consideration sufficient to support a contract directly with the maker of the check rather than the other party. (First Intl. Bank of Israel v Blankstein & Son, 59 NY2d at 441; Krediebank v P.T. Imports, 251 AD2d at 249; see, e.g., Aryeh v Eastern Intl., 54 AD2d 850 [1st Dept 1976].)
Here, moreover, plaintiff gave additional consideration, albeit to Mirenberg, when he gave plaintiff Stamler’s check. In accepting Stamler’s $6,000 check in partial payment of Mirenberg’s $7,000 debt, conditioned on the check clearing, plaintiff surrendered the right to sue Mirenberg for the full debt, until Stamler’s check failed to clear. (Korabel v Natoli, 210 AD2d 620, 621 [3d Dept 1994].) Thus, even if the “value” given, the antecedent debt of another, Mirenberg, did not constitute consideration for Stamler’s check, forgoing legal action to recover the prior debt is sufficient consideration.
III. Stamler’s Lack of Defenses Against Plaintiff
While only Mirenberg received both these benefits, and Stamler received neither one, her nonreceipt of consideration from plaintiff is not a defense to her check. (UCC 3-408; e.g., Perlstein v Kullberg Amato Picacone/ABP, 158 AD2d 251, 252 [1st Dept 1990]; Austrian, Lance & Stewart v Hastings Props., 87 Misc *568 2d 25, 26 [Sup Ct, NY County 1976]; First Natl. City Bank v Valentine, 61 Misc 2d 554, 557 [Sup Ct, Nassau County 1969].) Her nonreceipt of consideration from Mirenberg, however, gives her a claim against him. The triangle runs back to where it began. Mirenberg owed plaintiff. Stamler undertook to pay that debt for him, so Mirenberg no longer would owe. plaintiff, but would owe her. Plaintiff now may recover from Stamler based on her undertaking. When she pays plaintiff, Mirenberg owes her and not plaintiff, at least for the amount paid, and she may recover it from Mirenberg.
Had Stamler been a co-obligor, as an accommodation party under Mirenberg’s original agreement with plaintiff, receiving no consideration from either Mirenberg or plaintiff for her guarantee, she would be liable based on the instrument. (UCC 3-415 [1], [2]; e.g., Citibank v Pitassi, 78 AD2d 616, 617 [1st Dept 1980]; National Commercial Bank & Trust Co. v Niles, 65 AD2d 899, 899-900 [3d Dept 1978].) Likewise, the consideration plaintiff gave Mirenberg for the underlying debt, as well as plaintiffs temporary abandonment of his action against Mirenberg, amply supports Stamler’s obligation based on her own instrument.
IV. Conclusion
This result vindicates the Uniform Commercial Code’s objective of “encouraging and facilitating the ready transaction of negotiable instruments, central to our credit economy” (Hartford Acc. & Indem. Co. v American Express Co., 74 NY2d at 158), and of assigning responsibility for the dishonor of an instrument introduced into the stream of commerce to the party best situated to prevent the loss. (Getty Petroleum Corp. v American Express Travel Related Servs. Co., 90 NY2d 322, 326 [1997]; Hartford Acc. & Indem. Co. v American Express Co., 74 NY2d at 165.) Here, that party is Stamler, who is in the best position to prevent issuance of her check upon insufficient funds. As unappealing as it may be under these parties’ particular circumstances, Stamler’s remedy is against her fiancé and codefendant, Mirenberg.
The court therefore grants plaintiffs motion for summary judgment in lieu of a complaint against defendant Stamler and awards plaintiff a judgment for $6,000 against this defendant, with interest from February 12, 2001, and with credit for any amount plaintiff recovers from defendant Mirenberg. (CPLR 3213.) Likewise, any amount plaintiff recovers from defendant *569 Stamler shall be credited toward the judgment already entered against defendant Mirenberg.
[Portions of opinion omitted for purposes of publication.]