■ HERBIL HOLDING Co. et al., Respondents, v LEON D. MITRANY, Appellant, et al., Defendants. [783 NYS2d 611]—

In an action, inter alia, for an accounting and to recover damages for conversion and breach of fiduciary duty, the defendant Leon D. Mitrany, individually and as executor of the estate of Minnetta Mitrany, also known as E. Regal, also known as M. Axee, also known as Rosalind Axelrod, appeals (1) from an order of the Supreme Court, Nassau County (Martin, J.), entered March 19, 2003, which granted the plaintiffs' motion to strike his jury demand, and (2), as limited by his brief, from so much of a judgment of the same court (Franco, J.), entered June 30, 2003, as, after a nonjury trial, is in favor of the plaintiffs and against him in the principal sum of $508,594.37.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The appellant's decedent, Minnetta Mitrany, also known as E. Regal, also known as M. Axee, also known as Rosalind Axelrod (hereinafter Mitrany), entered into a series of written agreements with the plaintiffs pursuant to which they would purchase municipal and county tax liens and collect interest on the liens when they were subsequently redeemed. The parties agreed to contribute equally to the cost of purchasing and maintaining the liens, and to share equally in the resulting profits or losses. After Mitrany's death, the plaintiffs commenced this action, seeking, inter alia, an accounting, based on Mitrany's alleged failure to remit their full share of the profits generated by the redemption of the tax liens purchased pursuant to the agreements. In a counterclaim, the appellant asserted that, in the event he was required to account to the plaintiffs, the plaintiffs should be required to account to him for all proceeds they received from their own lien redemptions. By stipulation dated July 26, 2002, the appellant individually as-

sumed "personal responsibility for all liability, if any, to plaintiff" of Mitrany's estate.

Although one of the plaintiffs' causes of action sought a legal remedy, the Supreme Court properly granted the plaintiffs' motion to strike the appellant's jury demand. Where, as here, the appellant interposes a counterclaim of an equitable nature related to a cause of action asserted in the complaint, the appellant waives a jury trial on all causes of action, whether legal or equitable in nature (*see Goldberg v Goldberg*, 173 AD2d 679, 681 [1991]; *Seneca v Novaro*, 80 AD2d 909, 910 [1981]; *Compact Electra Corp. v Connell*, 46 AD2d 649, 650 [1974]; *Academy St. Realty Corp. v Young*, 25 AD2d 435 [1966]).

The Supreme Court properly adopted the detailed findings of the plaintiffs' accounting expert, who tallied all payments made by Mitrany to the plaintiffs for which competent records were available. The appellant presented no reliable evidence of any other payments. Accordingly, the judgment was warranted by the facts (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *We're Assoc. Co. v Rodin Sportswear*, 288 AD2d 465, 466 [2001]).

The appellant's remaining contentions are without merit. Smith, J.P., Crane, Cozier and Lifson, JJ., concur.