■ GITEL FISCHER, Respondent, v SADOV REALTY CORPORATION et al., Defendants, and INDEPENDENCE COMMUNITY BANK, Appellant. [824 NYS2d 434]—

In a shareholder's derivative action, inter alia, to cancel several mortgages and for an accounting, the defendant Indepen-

dence Community Bank appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated April 21, 2005, which denied its motion to dismiss the amended complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1), (5), and (7).

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the statute of limitations contained in Business Corporation Law § 909 (c) does not apply to the plaintiff's third cause of action to cancel certain mortgages. That statute applies to actions to set aside a deed, lease, or other instrument of conveyance; a mortgage is not such a conveyance (*see Rols Capital Co. v Panvaspan Realties,* 157 Misc 2d 449, 450 [1993]).

In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the allegations in the complaint should be accepted as true (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). Such a motion should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action (*see Cayuga Partners v 150 Grand,* 305 AD2d 527 [2003]). The standard is not whether the plaintiff has stated a cause of action, but whether the plaintiff has a cause of action (*id.*). The court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez, supra* at 87-88).

"Pursuant to Real Property Law § 266, a bona fide purchaser or encumbrancer for value is protected in his or her title unless he or she had previous notice of the alleged prior fraud by the seller" (*Karan v Hoskins,* 22 AD3d 638 [2005]; *see Miner v Edwards,* 221 AD2d 934 [1995]; *Emerson Hills Realty v Mirabella,* 220 AD2d 717 [1995]; *see also Anderson v Blood,* 152 NY 285 [1897]). "It is only if the 'facts within the knowledge of the purchaser are of such a nature, as, in reason, to put him upon inquiry, and to excite the suspicion of an ordinarily prudent person and he fails to make some investigation, [that] he will be chargeable with that knowledge which a reasonable inquiry, as suggested by the facts, would have revealed' " (*Miner v Edwards, supra* at 934, quoting *Anderson v Blood, supra* at 293).

The amended complaint alleged that the appellant possessed facts of such nature that would have "excite[d] the suspicion of an ordinarily prudent person" (*id.*). Therefore, the amended complaint stated a cause of action against the appellant.

Based on the foregoing, the Supreme Court properly denied the motion to dismiss the amended complaint insofar asserted

against the appellant pursuant to CPLR 3211 (a) (1), (5), and (7).

The appellant's remaining contentions are without merit. Adams, J.P., Skelos, Fisher and Covello, JJ., concur.