Irwin v Regal 22 Corp. (2019 NY Slip Op 06387)





Irwin v Regal 22 Corp.


2019 NY Slip Op 06387


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-02751
 (Index No. 501784/17)

[*1]Veronica Renta Irwin, etc., respondent,
v
Regal 22 Corp., et al., defendants, 35 Ave. Corona Realty, Inc., et al., appellants.


Avi Rosenfeld, Lawrence, NY, for appellants.
Irwin & Streiner, LLC, Manhasset, NY (Veronica Renta Irwin pro se of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the defendants 35 Ave. Corona Realty, Inc., and Shandelle Solny appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated December 13, 2017. The order granted the plaintiff's motion for summary judgment on the complaint and restored ownership of the subject property to Patrick Pollard, Sr.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action pursuant to RPAPL article 15, inter alia, to set aside an alleged fraudulent conveyance of certain residential property in Brooklyn to the defendant 35 Ave. Corona Realty, Inc. (hereinafter Corona Realty), on September 17, 2014. The conveyance was purportedly made pursuant to a power of attorney executed by the property's owner, Patrick Pollard, Sr., dated July 23, 2012. The power of attorney was rendered void ab initio pursuant to an order entered in a guardianship proceeding on October 19, 2016, which declared that Patrick Pollard, Sr., was a legally incapacitated person as of June 1, 2012.
After issue was joined, the plaintiff moved for summary judgment on the complaint. In opposition, Corona Realty and the defendant Shandelle Solny, an officer of Corona Realty, claimed that Corona Realty was a bona fide purchaser for value of the property. In the order appealed from, the Supreme Court granted the plaintiff's motion and restored ownership of the property to Patrick Pollard, Sr. Corona Realty and Solny appeal.
Real Property Law § 266 protects the title of a bona fide purchaser for value who lacked knowledge of an alleged fraud (see Williams v Mentore, 115 AD3d 664, 665; Bouffard v Befese, LLC, 111 AD3d 866, 870; Fischer v Sadov Realty Corp., 34 AD3d 630, 631). A bona fide purchaser for value has been described as one which purchased property for "valuable consideration" and with no "knowledge" of an "alleged prior fraud by the seller" (Emerson Hills Realty v Mirabella, 220 AD2d 717, 717; see Morris v Adams, 82 AD3d 946; Fischer v Sadov Realty Corp., 34 AD3d at 631; see also Real Property Law § 266). The term has also been defined as "one who purchases real property in good faith, for valuable consideration, without actual or record notice of another [*2]party's adverse interests in the property and is the first to record the deed or conveyance" (Panther Mtn. Water Park, Inc. v County of Essex, 40 AD3d 1336, 1338).
Here, in support of her motion for summary judgment, the plaintiff established, prima facie, that Corona Realty was not a bona fide purchaser for value, that no consideration was paid by Corona Realty to purchase the subject property, and that no deed was delivered to Corona Realty. In opposition, Corona Realty and Solny failed to raise a triable issue of fact. They failed to produce a deed evincing a transfer of title of the property to Corona Realty, or to submit evidence that, as claimed, Corona Realty paid $10,000 to purchase the property. Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the complaint.
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court