■ KEVIN A. FOSTER et al., Appellants, v BRUCE PIASECKI et al., Respondents. [686 NYS2d 184] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Canfield, J.), entered December 18, 1997 in Rensselaer County, which, inter alia, granted defendants' motions to dismiss the complaint for lack of personal jurisdiction.

Plaintiff Kevin A. Foster entered into a contract to purchase from defendants Bruce Piasecki and Andrea Masters (hereinafter collectively referred to as the sellers) real property located in the Town of Schodack, Rensselaer County. Defen-

dant Eileen Brown, an employee of defendant Prudential Manor Homes, served as the listing agent for the property. As a consequence of Foster's failure to secure a mortgage within the time specified by the contract, the property was subsequently sold to defendant Karen Cramer. Thereafter, plaintiffs commenced this action by order to show cause seeking, *inter alia*, a temporary restraining order to prevent completion of the sale and a declaration that the contract was null and void. Finding plaintiffs' method of service variously deficient and no substance to their claim against Cramer, Supreme Court granted defendants' motion to dismiss. Plaintiffs appeal.

Plaintiffs' contention that personal jurisdiction was acquired over the sellers by service of the order to show cause upon the latter's attorney—because that was the manner of service prescribed by Supreme Court—is untenable. Permission to serve the sellers' attorney emanated from plaintiffs' application itself for the order to show cause. While service upon a party's attorney for purposes of obtaining temporary relief afforded by CPLR 6301 is allowable (*see*, CPLR 2103 [b]), a predicate for the granting of that relief is the existence of an underlying action in which an attorney has already appeared; CPLR 2103 (b) does not provide an alternative means of service to initiate an action (*see*, *Happy Age Shops v Matyas*, 128 AD2d 754). There being no underlying action and no evidence in the record that service by any of the other methods available under the CPLR was impracticable, service upon the sellers' attorney did not effectuate service of process upon the sellers (*see*, *Happy Age Shops v Matyas*, *supra*, at 754-755). Service upon Brown was also ineffectual, as it was made on a Sunday in violation of General Business Law § 11 and without permission as provided for by Judiciary Law § 5.

Nor was jurisdiction acquired over Prudential, the corporate defendant. Plaintiffs' process server left the papers with a Prudential receptionist; however, it does not appear that the receptionist was authorized to receive process on behalf of the corporation or gave the appearance that she was authorized to do so (*see*, *Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 271; *compare*, *Von Thaden v Groves & Sons Co.*, 97 AD2d 677).

And Cramer, the only defendant properly served, and who had interposed an answer, is not liable to plaintiffs, for she is a bona fide purchaser. Where a contract or conveyance for the sale of real property is not recorded, it is void as against a purchaser who subsequently buys or contracts to buy that property in good faith and for valuable consideration from the seller and is the first to record a conveyance or contract (*see*, Real

Property Law §§ 291, 294 [3]). The record is barren of evidence suggesting that Cramer is other than a bona fide purchaser—there is no proof that signs had been posted on the property or of other activity thereon " 'that would lead a reasonably prudent purchaser to make inquiry' " (*Berger v Polizzotto*, 148 AD2d 651, 652, *lv denied* 74 NY2d 612, quoting *Morrocoy Marina v Altengarten*, 120 AD2d 500), nor was a notice of pendency or any other document filed which would have given constructive notice of plaintiffs' claim to the property (*see, Polish Natl. Alliance v White Eagle Hall Co.*, 98 AD2d 400, 406). The remainder of plaintiffs' arguments are either lacking in merit or have been rendered academic by reason of the conclusions reached hereinabove.

Mikoll, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with one bill of costs.