OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that, upon reargument, defendant’s motion to dismiss the complaint is granted; as so modified, affirmed with $10 costs.
*452 Defendant’s cross motion, in effect, sought reargument of the branch of the order, entered August 22, 2001, which implicitly denied that part of its prior preanswer motion to dismiss the complaint on the ground of improper service (see CPLR 2221 [d]). However, upon reargument, the court denied defendant’s motion on a ground which did not exist at the time of its initial motion, to wit, that pursuant to CPLR 3211 (e), defendant had waived the defense of improper service. Thus, the court erred in denying defendant’s motion on said ground even though defendant had served its answer in the interim in which it alleged that the court lacked jurisdiction over it. Upon granting reargument, the court was obliged to review the propriety of its prior order under the facts as they existed as of August 22, 2001.
Upon our review of the record with respect to defendant’s original motion to dismiss, it is apparent that the motion should have been granted inasmuch as the affidavit of service stated that service of process was effected on a Sunday, and it is well settled that such service is void (see General Business Law § 11; Foster v Piasecki, 259 AD2d 804 [1999]). To the extent plaintiff subsequently attempted to impeach the affidavit of service executed by his process server, he failed to establish that he possessed personal knowledge of the facts concerning service so as to properly refute the contents of said affidavit. Nor did he proffer a reasonable excuse for his failure to refute the affidavit of service in opposition to defendant’s initial motion to dismiss the complaint.
Patterson, J.P., Golia and Rios, JJ., concur.