■ VICTOR RIVERA, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 104786.) [796 NYS2d 477]—

Appeal from an order of the Court of Claims (Philip J. Patti, J.), entered September 19, 2003 in a medical malpractice action. The order denied claimant's motion for summary judgment and sua sponte granted summary judgment to defendant dismissing the amended claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating that part granting defendant summary judgment and reinstating the amended claim and as modified the order is affirmed without costs.

Memorandum: Claimant, an inmate at a correctional facility, commenced this medical malpractice action alleging that various employees of defendant ignored his complaints concerning various symptoms on numerous occasions and that he ultimately was diagnosed with colon cancer. We conclude that the Court of Claims properly denied claimant's motion for summary judgment but erred in sua sponte granting summary judgment to defendant pursuant to CPLR 3212 (b). In denying claimant's motion, the court concluded that claimant's deposition testimony was incredible as a matter of law and further rejected the affidavit of claimant's expert in support of the motion as conclusory in nature. As a general rule, "It is not the court's function on a motion for summary judgment to assess credibility" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]). Here, claimant's expert relied on claimant's deposition testimony and medical records in opining, with a reasonable degree of medical certainty, that the care provided by defendant and the failure to evaluate and treat claimant in a proper manner were "deviations from the accepted standard of medical practice and [were] substantial factors in causing the late diagnosis and progression" of claimant's colon cancer. Defendant's expert relied upon claimant's medical records and the affirmation and affidavits of claimant's treating medical personnel in opining, with a reasonable degree of medical certainty, that defendant did not breach "any standard of community care at any of the correctional facilities in which [claimant] was incarcerated." We conclude that, in light of the conflicting evidence, there are issues of fact that require a trial (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Indeed, in reaching our conclusion, we note that the Assistant Attorney General asserted in his opposing affirmation "that there are multiple levels of factual issues that can only be resolved upon a trial." Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Smith, JJ.