■ In the Matter of FORECLOSURE OF TAX LIENS. COUNTY OF ROCKLAND, Respondent; PIERMONT COMMERCIAL CORP., Appel-

lant. [816 NYS2d 506]—In a proceeding pursuant to Real Property Tax Law article 11 to foreclose certain tax liens, Piermont Commercial Corp. appeals from a judgment of the Supreme Court, Rockland County (Nelson, J.), entered January 11, 2005, which, upon an order of the same court dated December 17, 2004, granting the petitioner's motion, inter alia, to vacate an earlier judgment of the same court (Meehan, J.), dated August 24, 1999, which, upon the default of Piermont Commercial Corp., among other things, awarded the possession of certain real property to the petitioner, inter alia, vacated the judgment dated August 24, 1999, permitted the petitioner to withdraw the subject real property from the foreclosure proceeding, and directed the execution of a cancellation deed reinstating title to the subject real property to Piermont Commercial Corp.

Ordered that the judgment is reversed, on the law, with costs, the petitioner's motion is denied, the order dated December 17, 2004 is vacated, and the judgment dated August 24, 1999 is reinstated.

As the appellant correctly contends, the petitioner's motion to vacate, brought nearly five years after the deed was conveyed to the petitioner and recorded, was time-barred by the two-year statute of limitations contained in RPTL 1137 (*see CDS Recoveries v Davis*, 277 AD2d 567 [2000]; *see also Matter of ISCA Enters. v City of New York*, 77 NY2d 688 [1991]; *Weber v Suffolk County Div. of Real Estate*, 1 AD3d 590 [2003]). Therefore, the Supreme Court erred in granting the motion (*see McCoy v Feinman*, 99 NY2d 295, 300 [2002]; *Matter of Magat v County of Rockland*, 265 AD2d 483 [1999]).

In light of our determination, the parties' remaining contentions need not be reached. Florio, J.P., Miller, Adams and Skelos, JJ., concur.