■ ANGELA RASHFORD, Respondent, v ARTHUR RANDAZZO, Appellant. (Appeal No. 1.) [834 NYS2d 898]—Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered December 2, 2005. The order denied defendant's motion for summary judgment dismissing the complaint.

Appeal from an amended judgment of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered January 24, 2006. The amended judgment, upon a jury verdict in favor of plaintiff and against defendant, awarded plaintiff the amount of $18,945.15.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that defendant's property, which was contiguous to her property, was used by drug users and sellers who engaged in, inter alia, offensive and illegal behavior. Plaintiff further alleged that defendant refused to comply with her demand that he discontinue such use of his property, and she asserted a claim for private nuisance. Supreme Court denied defendant's motion for summary judgment dismissing the complaint and, following a jury trial, an amended judgment was entered in favor of plaintiff.

Contrary to the contention of defendant, the court properly denied his motion for summary judgment dismissing the

complaint. The elements of a claim for private nuisance are "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (*Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 570 [1977], *rearg denied* 42 NY2d 1102 [1977]). " 'An invasion of another's interest in the use and enjoyment of land is intentional when the actor (a) acts for the purpose of causing it; or (b) knows that it is resulting or is substantially certain to result from his [or her] conduct' " (*id.* at 571; *see Higgins v Village of Orchard Park*, 277 AD2d 989, 990 [2000]). Even assuming, arguendo, that defendant met his initial burden on the motion, we conclude that plaintiff raised triable issues of fact concerning the degree of interference with her use and enjoyment of her property and whether defendant knew or should have known that he was interfering with plaintiff's interest in the use and enjoyment of plaintiff's property (*see Murray v Young*, 97 AD2d 958 [1983]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The contention of defendant that his motion should have been granted based on the disparity between the deposition testimony of plaintiff and her tax receipts is lacking in merit. That disparity merely raised an issue of credibility, and it is not the function of the court to resolve credibility issues in the context of a motion for summary judgment (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]; *Rivera v State of New York*, 19 AD3d 1030, 1031 [2005]; *Gedon v Bry-Lin Hosps.*, 286 AD2d 892, 894 [2001], *lv denied* 98 NY2d 601 [2002]).

Contrary to defendant's further contentions, the verdict is not against the weight of the evidence with respect to liability or damages (*see Vacca v Valerino*, 16 AD3d 1159 [2005]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]), and the award of damages for loss of rental income, reduced by the court and to which plaintiff stipulated, does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ.