■ PANTHER MOUNTAIN WATER PARK, INC., Appellant, v COUNTY OF ESSEX et al., Respondents. [836 NYS2d 374]—

Kane, J. Appeal from an order of the Supreme Court (Dawson,

J.), entered July 5, 2006 in Essex County, which, inter alia, granted defendants' cross motions for summary judgment dismissing the complaint.

Plaintiff was the owner of two parcels of real property located in Essex County. In 2004, defendant County of Essex foreclosed on the parcels for delinquent taxes pursuant to RPTL 1136. Pursuant to the judgment of foreclosure, the County Treasurer executed and recorded a deed conveying the property to the County. The County then arranged for an auction company to auction the parcels. Advertisements were posted announcing that plaintiff's former parcels, as well as others, would be sold. The advertisements stated that certain numbered parcels would be auctioned on October 20, 2004 and other numbered parcels, including those formerly owned by plaintiff, would be auctioned on October 21, 2004. On October 20, plaintiff's representative allegedly offered payment in satisfaction of the outstanding tax deficiencies and penalties so as to satisfy the Essex County Board of Supervisors' Resolution No. 168 of 2003, which permits record owners of foreclosed property to purchase their former property by tendering payment of back taxes and penalties up to and including "the day preceding the scheduled auction sale." A county employee allegedly rejected the tendered payment because the auction had already begun and the last day to purchase the property under the resolution was October 19, 2004. Defendants Sunrise Land Development of Westchester, Inc. and George Moore (hereinafter collectively referred to as defendants) each purchased a parcel formerly belonging to plaintiff.

Plaintiff commenced the present action seeking to cancel the deeds to defendants and compel the County to accept payment and transfer title back to plaintiff. After joinder of issue, plaintiff moved for partial summary judgment dismissing one of the County's defenses. Defendants and the County cross-moved for summary judgment dismissing the complaint. Supreme Court granted defendants' cross motions on the basis that they were bona fide purchasers for value who took title without notice and, therefore, their titles were not subject to divestiture. Inasmuch as reconveyance by the County, the only relief sought against the County, was not possible, the court granted the County's cross motion and denied plaintiff's motion. Plaintiff appeals.

To begin, plaintiff does not challenge the original tax foreclosure proceeding or the deeds to the County as a result of that proceeding. Plaintiff only contends that the County violated its resolution by failing to permit plaintiff to acquire the parcels on

October 20, 2004. Regardless of the merit of that argument or the proper interpretation of the resolution, Supreme Court correctly determined that plaintiff could not prevail in this action.

A bona fide purchaser—one who purchases real property in good faith, for valuable consideration, without actual or record notice of another party's adverse interests in the property and is the first to record the deed or conveyance—takes title free and clear of such adverse interests (*see Buffalo Academy of Sacred Heart v Boehm Bros.*, 267 NY 242, 250 [1935]; *Webster v Ragona*, 7 AD3d 850, 854 [2004]; *Foster v Piasecki*, 259 AD2d 804, 805 [1999]; *see also* Real Property Law §§ 266, 291). Plaintiff contends that defendants were not bona fide purchasers because they had either actual or record notice of plaintiff's claim to the property. His assertion that defendants had actual notice lacks any support in the record. Not only did plaintiff fail to file a lis pendens, but it also failed to send a representative to the auction held the day after the attempted tender in order to alert potential buyers of its claim, and did not seek immediate relief from a court.

For record notice, plaintiff relies on the existence of Resolution No. 168 and RPTL 1137, along with a mention in the deeds to defendants that the County acquired the parcels pursuant to an RPTL article 11 tax foreclosure proceeding. The mere existence of a resolution permitting prior owners to purchase their property from the County did not provide defendants with notice that plaintiff had in fact attempted to exercise its rights under that resolution. RPTL 1137 is similarly unhelpful to plaintiff's position. The time period in that statute does not create affirmative rights, but instead establishes a statute of limitations within which a deed issued pursuant to RPTL article 11 may be challenged (*see* RPTL 1137 [entitled "(s)tatute of limitations"]; *see also Matter of ISCA Enters. v City of New York*, 77 NY2d 688, 696 [1991], *cert denied* 503 US 906 [1992]; *Matter of County of Rockland [Piermont Commercial Corp.]*, 29 AD3d 791, 792 [2006]). Neither the existence of RPTL 1137 nor the mention of RPTL article 11 in the deeds put these defendants on notice that the parcels were subject to any specific challenge by plaintiff. Even if RPTL 1137 applied, plaintiff did not comply with the statute by filing a notice of pendency (*see* RPTL 1137; *see also Foster v Piasecki, supra* at 806 [noting lack of record notice of adverse claim because no notice of pendency filed]). Because defendants paid valuable consideration for the parcels and had no actual or record notice of any claim to the parcels by plaintiff at the time they recorded their deeds, they were bona fide purchasers who obtained title free from plaintiff's adverse

interests (see 2609 Bailey v City of Buffalo, 161 Misc 2d 419, 421 [1994], affd 227 AD2d 959 [1996] for reasons stated below).

Inasmuch as reconveyance was the only relief that plaintiff sought from the County, and such relief cannot be granted since defendants are entitled to keep the parcels, dismissal of the entire complaint was proper.

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.