■ THE HARRINGTON GROUP, INC., Respondent, v B/G SALES ASSOCIATES, INC., Appellant and Third-Party Plaintiff-Appellant. THOMAS E. HARRINGTON et al., Third-Party Defendants-Respondents. [837 NYS2d 453]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered June 2, 2006. The order, among other things, granted in part the cross motion of plaintiff and third-party defendants for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion in its entirety and as modified the order is affirmed without costs.

Memorandum: Defendant and third-party plaintiff, B/G Sales Associates, Inc. (B/G Sales), appeals from an order that, inter alia, granted that part of the cross motion of plaintiff and third-party defendants (collectively, Harrington Group) seeking summary judgment determining that the agreement between B/G Sales and the Harrington Group was modified by the parties to terminate on October 31, 2002 rather than July 31, 2003, as set forth in the agreement. Pursuant to the terms of the agreement, B/G Sales was to perform consulting work for the Harrington Group, a manufacturing representative, commencing on July 1, 1998 and terminating on July 31, 2003, and B/G Sales was to be paid a percentage of the commissions earned by the Harrington Group. It is undisputed that an employee of B/G Sales performed services on behalf of the Harrington Group for three months and that those services are not addressed by the agreement. It is also undisputed that the employee was to perform those services within the first year of the agreement and that the Harrington Group would not pay for those services until the fifth year of the agreement. According to B/G Sales, the fifth year of the agreement was to be extended by three months to account for the services of its employee while, according to the Harrington Group, the agreement was modified by the parties to provide that the Harrington Group was obligated to pay B/G Sales for the services of its employee for three months at the start of the fifth year. Thus, according to the Harrington Group, the agreement would terminate on October 31, 2002 (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The Harrington Group established its entitlement to judg-

ment on the issue of the termination date of the agreement by providing a memorandum prepared by third-party defendant Thomas E. Harrington and purportedly signed by the president of B/G Sales, agreeing to modify the agreement to terminate on October 31, 2002 (*see generally* General Obligations Law § 5-701 [a] [1]). We conclude, however, that B/G Sales raised an issue of fact sufficient to defeat the cross motion by submitting the deposition testimony of the president of B/G Sales in which he testified that the signature appearing on the memorandum is not his (*see generally Zuckerman*, 49 NY2d at 562). That testimony raises a credibility issue that renders summary judgment inappropriate (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]; *Rashford v Randazzo* [appeal No. 2], 38 AD3d 1261 [2007]), and we therefore modify the order accordingly. For the same reason, we further conclude that Supreme Court properly denied that part of the motion of B/G Sales seeking summary judgment with respect to the termination date of the agreement. Although the record also contains a letter sent by the president of B/G Sales to a nonparty indicating that the term of the agreement was 4.3 years from August 1, 1998, that letter merely impacts the issue of the credibility of the president of B/G Sales. In any event, we note that the letter does not constitute a written note or memorandum of the parties' agreement in satisfaction of the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]; *see generally Kuhl v Piatelli*, 31 AD3d 1038, 1039 [2006]). Present—Scudder, P.J., Centra, Lunn, Peradotto and Pine, JJ.