Stein, J.
Appeals from an order of the Supreme Court (Ferradino, J.), entered February 8, 2013 in Saratoga County, which, among other things, granted defendant James G. Doyle’s motion for summary judgment dismissing the complaint against him and denied defendant David M. Lenney’s cross motion for, among other things, summary judgment dismissing the complaint against him.
Defendant N.K.T. Land Acquisitions, Inc. (hereinafter NKT) owned real property in the Village of Stillwater, Saratoga County that was subject to a $400,000 mortgage held by Harold Cowles. Cowles commenced a mortgage foreclosure action against NKT, and defendant David M. Lenney was retained to serve as its counsel in that action. Plaintiff engaged defendant Scott M. Ronda, NKT’s transactional counsel, in negotiations to purchase the property, which ultimately resulted in the execution by NKT’s president of a “Contract For Purchase And Sale Of Real Estate” (hereinafter the August 2011 contract). The sale never proceeded to closing, which plaintiff asserts was due in part to difficulties reaching an agreement over the payment of monies owed to Cowles as required by the contract and in part to Ronda’s displeasure over an attorney disciplinary complaint made against him by one of plaintiffs members. Ongoing negotiations between plaintiff and NKT regarding the sale of the property were initially handled on NKT’s behalf by Ronda, and then by Lenney. The transaction was never completed and, in April 2012, the property was transferred to defendant James G. Doyle.
After learning of NKT’s sale of the property to Doyle, plaintiff *1134 commenced this action seeking cancellation of the conveyance and specific performance of the August 2011 contract. Plaintiff also asserted claims for damages and alleged, among other things, collusion by Ronda, Doyle and Lenney and that Ronda, Lenney, NKT’s president and Doyle had tortiously induced NKT to breach the August 2011 contract. Doyle served an answer and moved for summary judgment dismissing the complaint against him, contending, among other things, that he took title to the property as a bona fide purchaser for value. Ronda and Lenney each moved for summary judgment as well. Supreme Court granted Doyle’s motion, but denied the motions of Ronda and Lenney, finding that questions of fact existed as to whether the August 2011 contract was a binding contract and as to the nature of the later negotiations between the attorneys for plaintiff and NKT. Upon plaintiffs and Lenney’s appeals, we affirm.
Initially, we reject plaintiffs assertion that Supreme Court erred in finding that Doyle was a bona fide purchaser as a matter of law. “A bona fide purchaser—one who purchases real property in good faith, for valuable consideration, without actual or record notice of another party’s adverse interests in the property and is the first to record the deed or conveyance—takes title free and clear of such adverse interests” (Panther Mtn. Water Park, Inc. v County of Essex, 40 AD3d 1336, 1338 [2007] [citations omitted]; see Real Property Law §§291, 294 [3]; T & V Constr., Inc. v Calapai, 90 AD3d 908, 908 [2011]; Sprint Equities [NY], Inc. v Sylvester, 71 AD3d 664, 665 [2010]). In support of his motion, Doyle averred that he purchased the property for $455,000, recorded the deed on April 20, 2012 and “was unaware of any contract to purchase [the property] between [NKT] and anyone” prior to doing so. He also denied having ever heard of either plaintiff or its principal prior to filing the deed. Ronda confirms that he did not inform Doyle of the negotiations with plaintiff—or even of plaintiff’s existence—prior to the sale of the property. Further, the recording page accompanying the deed—which indicates a purchase price of $455,000 and reflects payment of a transfer tax commensurate with that amount— corroborates Doyle’s allegation regarding the consideration paid for the property (see Tax Law § 1402 [a]). Given this evidence, the burden shifted to plaintiff to raise a question of fact as to whether Doyle “ha[d] knowledge of any fact, sufficient to put him on inquiry [notice] as to the existence of some right or title in conflict with that he [was] about to purchase” (Williamson v Brown, 15 NY 354, 362 [1857]; see Ward v Ward, 52 AD3d 919, 920-921 [2008]).
In opposition, plaintiff argues that issues of fact exist both as *1135 to whether Doyle had inquiry notice of plaintiffs interest in the property and as to whether he actually paid consideration therefor. Plaintiff points to particular aspects of the deed filed in April 2012 which transferred title to Doyle—specifically, that the deed is dated January 9, 2011 and contains a signature of NKT’s president that was acknowledged on January 9, 2012, well before the conveyance to Doyle. Plaintiff also notes that the execution page is essentially identical to that contained in a deed in lieu of foreclosure that was executed previously by NKT’s president as part of the ongoing negotiations between NKT and plaintiff. However, even assuming that there is some significance to these facts, plaintiff fails to demonstrate that Doyle ever saw the previous deed or offer any explanation beyond mere speculation as to how the dates, alone, would have placed Doyle on inquiry notice to suspect that plaintiff had a conflicting interest in the property.[1] Nor has plaintiff submitted any competent evidence to counter Doyle’s proof with respect to the consideration he allegedly paid. Accordingly, even when we view the evidence in a light most favorable to plaintiff and give plaintiff the benefit of the reasonable inferences that can be drawn therefrom (see McColgan v Brewer, 112 AD3d 1191, 1193 [2013]), we find that plaintiff has failed to demonstrate the existence of triable issues of fact with respect to Doyle’s status as a bona fide purchaser in good faith for value (see Panther Mtn. Water Park, Inc. v County of Essex, 40 AD3d at 1338-1339; Foster v Piasecki, 259 AD2d 804, 805-806 [1999]; W.I.L.D. W.A.T.E.R.S. v Martinez, 152 AD2d 799, 800-801 [1989]; compare Nagavi v Newcomb, 305 AD2d 904, 906-907 [2003]).
Also unavailing is plaintiffs assertion that the deed conveying title to Doyle was void because it was either a “forgery or obtained by false pretenses.” Notably absent from the record is any assertion by either NKT or Doyle that the deed did not represent their intentions to convey title or that they otherwise contest its validity. In fact, a month after the challenged deed was recorded, Doyle recorded a corrective deed, countering any suggestion that the transfer did not reflect their true intent. Under these circumstances, plaintiff’s speculative claims are insufficient to render the deed void and Doyle’s motion for summary judgment dismissing the complaint against him was properly granted.
*1136 Turning to Lenney’s appeal, we are unpersuaded by Lenney’s argument that Supreme Court erred in denying his cross motion for summary judgment dismissing, among other things, the claim alleging tortious interference with contract.[2] Such a claim “requires the existence of a valid contract between . . . plaintiff and [NKT], [Lenney] ’s knowledge of that contract, [Lenney]’s intentional procurement of [NKT]’s breach of the contract without justification, actual breach of the contract, and damages resulting therefrom” (Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]; see ARB Upstate Communications LLC v R.J. Reuter, L.L.C., 93 AD3d 929, 933 [2012]; Ulysses I & Co., Inc. v Feldstein, 75 AD3d 990, 992 [2010], lv dismissed and denied 15 NY3d 944 [2010]; Schmidt & Schmidt, Inc. v Town of Charlton, 68 AD3d 1314, 1316 [2009]). In support of his cross motion, Lenney offered his affirmation, in which he vehemently denies knowledge of the August 2011 contract before being served with the pleadings in this action[3] and asserts that no binding contract existed between NKT and plaintiff at the time the property was conveyed to Doyle. However, Supreme Court correctly found that there are questions of fact as to the existence of a contract at that time. It is undisputed that plaintiff and NKT entered into the August 2011 contract, which bound “the heirs, legal representatives, successors and assigns of the respective parties.”[4] Whether the subsequent negotiations between plaintiff and NKT in which Lenney was involved were related to their attempts to finalize that contract—as plaintiff alleges—or represented their attempt to reach a new contract, after they failed to consummate the August 2011 contract—as Lenney alleges—cannot be determined on the record before us.
Moreover, Lenney’s alleged ignorance of the August 2011 contract is arguably contradicted by allegations in the complaint and in an affidavit of plaintiff’s attorney, Thomas Spinrad, wherein Spinrad averred that Lenney told him that the transaction between plaintiff and NKT would not proceed unless the disciplinary grievance against Ronda was withdrawn. Additionally, an “[o]ffer sheet,” which was prepared as part of the later negotiations and provided to Lenney, expressly refers to “the contract between [NKT and plaintiff].” The question of whether *1137 “the contract” referred to the August 2011 contract or to a new contract under negotiation cannot be determined on a summary-judgment motion.[5] Thus, notwithstanding the substantial evidence in the record contradicting plaintiff’s claims, when we view the evidence in the light most favorable to plaintiff (see Brown & Brown, Inc. v Johnson, 115 AD3d 162, 173 [2014]; Hobler v Hussain, 111 AD3d 1006, 1008 [2013]), we concur with Supreme Court’s decision that there are triable issues of fact which preclude summary judgment dismissing the claim of tortious interference of contract against Lenney.
To the extent not specifically addressed herein, the parties’ remaining contentions have been considered and found to be without merit.
Peters, EJ., Rose and Egan Jr., JJ, concur.
Ordered that the order is affirmed, without costs.

. Plaintiff also makes much of the date that Doyle allegedly became aware of the foreclosure of the property and its availability for purchase. However, once again, plaintiff fails to explain how this relates to the question of whether Doyle had notice of the existence of plaintiffs alleged conflicting interest in the property.

. We note that Supreme Court correctly determined that Lenney’s arguments regarding the fourth and seventh causes of action (alleging conspiracy and fraud, respectively) were improperly raised for the first time in his reply affirmation (see Potter v Blue Shield of Northeastern N.Y., 216 AD2d 773, 775 [1995]). Therefore, such arguments are not properly before us.

. In his affirmation, Ronda also denies informing Lenney of such contract.

. There is also some indication in the record that plaintiff tendered a payment in escrow as partial consideration therefor.

. Lenney also claims that, inasmuch as his conduct with respect to negotiation of a contract with Doyle was undertaken in his capacity as an attorney to protect the interests of his client (i.e., to avoid foreclosure), it is not actionable. While, “ [generally, an action against an attorney by a nonclient third party will not lie ... , an attorney may be held liable for injuries sustained by a third party as a consequence of the attorney’s wrongful or improper exercise of authority, or where the attorney has committed fraud or collusion or a malicious or tortious act” (Singer v Whitman & Ransom, 83 AD2d 862, 863 [1981] [citation omitted]; see Ginther v Jones, 35 AD3d 1224, 1224 [2006], lv denied 8 NY3d 810 [2007]). Here, plaintiff alleges that Lenney made threats that the transaction would not proceed unless the disciplinary claim against Ronda was withdrawn and that he induced his client to wrongfully breach the contract with plaintiff without any legitimate or legal reason for doing so. Such allegations, if proven, could be actionable.