Greco v Grande (2018 NY Slip Op 02916)





Greco v Grande


2018 NY Slip Op 02916


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


66 CA 17-01285

[*1]SANDRA GRECO, PLAINTIFF-RESPONDENT,
v
DONALD R. GRANDE, DEFENDANT-APPELLANT. 






LAW OFFICE OF WAYNE C. FELLE, P.C., ORCHARD PARK (ELIZABETH A. BRUCE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
FEROLETO LAW, BUFFALO (JOHN FEROLETO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered October 20, 2016. The order, inter alia, granted that part of the motion of plaintiff for summary judgment on the issue of negligence and denied the cross motion of defendant for summary judgment on the issue of negligence and for leave to amend his answer. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's motion in its entirety and granting that part of the cross motion seeking leave to amend the answer and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when a vehicle driven by defendant, in which she was a passenger, spun out of control on what defendant contends was black ice, hitting a guardrail. Defendant now appeals from an order that, inter alia, granted that part of plaintiff's motion seeking summary judgment on the issue of negligence, and denied defendant's cross motion for summary judgment on the issue of negligence and for leave to amend his answer to include the emergency doctrine as an affirmative defense.
We agree with defendant that Supreme Court erred in granting that part of plaintiff's motion for summary judgment on the issue of negligence, and we therefore modify the order accordingly. "An innocent passenger . . . who, in support of [his or] her motion for summary judgment, submits evidence that the accident resulted from the driver losing control of the vehicle, shifts the burden to the driver to come forward with an exculpatory explanation" (Johnson v Braun, 120 AD3d 765, 766 [2d Dept 2014] [internal quotation marks omitted]). Here, plaintiff submitted evidence establishing that defendant lost control of the vehicle. The burden then shifted to defendant, who came forward with the exculpatory explanation that he encountered black ice on the roadway, which constituted an emergency. When the evidence is viewed in the light most favorable to defendant (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]), there is a triable issue of fact whether there was black ice and thus whether an emergency existed at the time of the accident. Contrary to plaintiff's contention, the affidavit of a meteorologist failed to establish as a matter of law that no black ice existed at the time of the accident because the meteorologist's opinion was mere speculation based on general weather conditions that were prevailing in the region (see Bogdanova v Falcon Meat Mkt., 107 AD3d 638, 639 [1st Dept 2013]; Neidert v Austin S. Edgar, Inc., 204 AD2d 1030, 1031 [4th Dept 1994]). We nevertheless reject defendant's further contention that he is entitled to summary judgment on the issue of negligence given the credibility disputes surrounding his account of the accident (see generally Rew v County of Niagara, 115 AD3d 1316, 1318 [4th Dept 2014]; Harrington Group, Inc. v B/G Sales Assoc., Inc., 41 AD3d 1161, 1162 [4th Dept 2007]).
Finally, we conclude that the court erred in denying that part of defendant's cross motion for leave to amend the answer to assert an emergency doctrine defense. Motions for leave to [*2]amend pleadings should be freely granted in the absence of prejudice, and "[m]ere lateness is not a barrier" (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983] [internal quotation marks omitted]). The fact that defendant's request was made nine days after the filing of the note of issue does not render the request untimely (see McFarland v Michel, 2 AD3d 1297, 1300 [4th Dept 2003]). Indeed, "[w]here no prejudice is shown, the amendment may be allowed during or even after trial" (Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981], rearg denied 55 NY2d 801 [1981] [internal quotation marks omitted]), and here, the record is devoid of any potential prejudice flowing from the proposed amendment. We thus further modify the order by granting that part of the cross motion seeking leave to amend the answer.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court