O'Connor v Shultz (2018 NY Slip Op 07380)





O'Connor v Shultz


2018 NY Slip Op 07380


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

525794

[*1]PAMELA O'CONNOR, Appellant,
v
OGDEN SHULTZ et al., Respondents.

Calendar Date: September 14, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Rumsey, JJ.


Pamela O'Connor, Rensselaer, appellant pro se.
Ackerman, Wachs & deArmas, PC, Albany (Theresa M. Suozzi of counsel), for respondents.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order and judgment of the Supreme Court (O'Connor, J.), entered December 30, 2016 in Albany County, upon a dismissal of the complaint and supplemental complaint at the close of plaintiff's case.
Plaintiff and defendants own adjoining parcels of real property in the City of Albany. In 2014, plaintiff — acting pro se — commenced this action asserting causes of action for private nuisance and tortious interference with contract based upon defendants' alleged obstruction of an easement that allowed plaintiff to use a "common driveway" for "access to the garages" located at the rear of plaintiff's property. Following joinder of issue and discovery, the matter proceeded to a bench trial. At the close of plaintiff's proof, Supreme Court granted defendants' motion for a trial order of dismissal [FN1]. Plaintiff now appeals, and we affirm.
A trial order of dismissal is properly granted when, viewing the evidence in the light most favorable to the nonmoving party and affording such party the benefit of every inference, there is no rational process by which the trier of fact could find in favor of the nonmovant (see CPLR 4401; Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Klugman v LaForest, 138 AD3d 1185, 1186 [2016]; Peluso v C.R. Bard, Inc., 124 AD3d 1027, 1028 [2015]). As more fully discussed below, plaintiff failed to present sufficient proof to establish her claims of private nuisance and tortious interference with contract. As such, Supreme Court properly granted defendants' motion for a trial order of dismissal.
At the heart of both of plaintiff's claims is a neighbor dispute concerning an easement. Turning first to plaintiff's claim for a private nuisance, such claim "may be 'established by proof of intentional action or inaction that substantially and unreasonably interferes with other people's use and enjoyment of their property'" (Pilatich v Town of New Baltimore, 133 AD3d 1143, 1145 [*2][2015], quoting Nemeth v K-Tooling, 100 AD3d 1271, 1272 [2012]; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977]). "An invasion of another's interest in the use and enjoyment of land is intentional when the actor (a) acts for the purpose of causing it; or (b) knows that it is resulting or is substantially certain to result from his [or her] conduct" (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d at 571 [internal quotation marks and citations omitted]; accord Rashford v Randazzo, 38 AD3d 1261, 1262 [2007]).
The evidence presented by plaintiff at trial demonstrated that defendants' deed includes an easement that benefits plaintiff's property by allowing the use of a "common driveway" for "access to the garages" at the rear of plaintiff's property. On its face, the easement language is subject to varying interpretations and plaintiff's proof established that the parties disagree as to the boundaries and purpose of the easement. Resolution of this underlying dispute is dependent upon construction of the easement language (see Hitchcock v Boyack, 277 AD2d 557, 558 [2000]), relief that was not requested by plaintiff and, even if requested, would require proof specifically directed at that issue. Although plaintiff submitted some evidence that, at one time or another, access to her garages — to the degree that she asserts that she is entitled under the terms of the easement — was partially or wholly obstructed by a parked vehicle, a wire chicken coop, a wooden chicken coop, a fence and a pile of dirt and gravel, she cannot overcome the fatal flaw that she created by failing to bring a declaratory judgment action seeking a declaration as to the parties' rights and responsibilities under the language of this easement. Thus, Supreme Court properly determined that it could not resolve the easement dispute and adeptly noted that the root of the problem would continue to exist for the parties. Plaintiff's private nuisance claim further fails because her proof did not establish that defendants' alleged actions were intentional — that is, that they placed the alleged obstructions for the purpose of interfering with plaintiff's interest in the use and enjoyment of her property or that they knew or should have known that the alleged obstructions would cause such interference (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d at 571; compare Everding v Bombard, 272 AD2d 937, 937 [2000]).
Plaintiff also failed to make a prima facie case of tortious interference with contract. "Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, [the] defendant's knowledge of that contract, [the] defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996] [citations omitted]; see 10 Cardinal Lane, LLC v N.K.T. Land Acquisitions, Inc., 117 AD3d 1133, 1136 [2014]; Williams Oil Co. v Randy Luce E-Z Mart One, 302 AD2d 736, 738 [2003]).
At trial, plaintiff established that she entered into a contract with a third party for the purchase and sale of her property. That contract, which was admitted into evidence, contained a clause stating that the sale would be conditioned upon the purchaser's "satisfactory review . . . of common driveway allowing access to rear of property." Plaintiff testified that the contract ultimately "failed because of the obstructions in the driveway and the lack of removal of them." However, plaintiff did not call the third-party purchaser as a witness to explain the reason or reasons for the sale contract's failure. In any event, even if the third-party purchaser exercised his right to withdraw from the contract based upon his unsatisfactory review of the common driveway, as plaintiff claims, such withdrawal would not constitute a breach under the express terms of the contract (see Jack L. Inselman & Co. v FNB Fin. Co., 41 NY2d 1078, 1080 [1977]; Central Park Sightseeing LLC v New Yorkers for Clean, Livable & Safe Sts., Inc., 157 AD3d 28, 33 [2017]; Ulysses I & Co., Inc. v Feldstein, 75 AD3d 990, 992 [2010], lv dismissed 15 NY3d 944 [2010]). Plaintiff also failed to offer any proof that defendants had knowledge of the sale contract (see Bogoni v Friedlander, 197 AD2d 281, 288 [1994], lv denied 84 NY2d 803 [1994]). Moreover, plaintiff presented absolutely no evidence that could support the conclusion that defendants intentionally and unjustifiably procured or induced a breach (see Montano v City of Watervliet, 47 AD3d 1106, 1109-1110 [2008]). Defendants' actions to protect and enforce their rights under the easement, as they believed them to be, did not amount to the procurement or inducement of the third-party purchaser's alleged breach of contract or otherwise render performance of the sale contract impossible (see Jack L. Inselman & Co. v FNB Fin. Co., 51 [*3]AD2d 924, 925 [1976], affd 41 NY2d 1078 [1977]). In short, plaintiff failed to establish a claim for tortious interference with contract. Accordingly, as there was no rational process by which Supreme Court could have found in favor of plaintiff, defendants' motion for a trial order of dismissal was properly granted.
Egan Jr., J.P., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the order and judgment is affirmed, without costs.



Footnotes

Footnote 1: Defendants subsequently withdrew their counterclaims.