U.S. Bank N.A. v Jordan (2019 NY Slip Op 07821)





U.S. Bank N.A. v Jordan


2019 NY Slip Op 07821


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

527770

[*1]U.S. Bank National Association, as Trustee, Appellant,
v
Jonathon Jordan, Also Known as Johnathon Jordan, et al., Defendants, and Francis Carmen Alamo, Respondent.

Calendar Date: September 3, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


RAS Boriskin, LLC, Westbury (Leah Lenz of counsel), for appellant.
Coughlin & Gerhart, LLP, Binghamton (Keith A. O'Hara of counsel), for respondent.



Clark, J.
Appeals (1) from an order of the Supreme Court (Faughnan, J.), entered March 30, 2018 in Tioga County, which granted certain defendants' motion for summary judgment dismissing the complaint against them, and (2) from the judgment entered thereon.
In 2006, defendant Jonathon Jordan executed a promissory note in the amount of $101,600, which was secured by a mortgage on certain real property in the Village of Waverly, Tioga County. That mortgage, however, was not promptly recorded with the Tioga County Clerk's office. In 2009, Jordan received a chapter 7 bankruptcy discharge. Jordan and plaintiff subsequently entered into a loan modification agreement, which set forth modified monthly payments that Jordan could make to reduce the amount of the lien that continued on the property ($100,049.38), without creating any personal liability on his part. Roughly four years later, in 2013, Jordan sold the subject real property to defendant Francis Carmen Alamo (hereinafter Alamo) for $95,000, which was paid in cash. In August 2016, nearly three years after Jordan defaulted on the note and the mortgage, plaintiff commenced this mortgage foreclosure action against, as relevant here, Alamo and his spouse, Cindy Alamo,[FN1] who was sued as "John Doe #1" (hereinafter collectively referred to as defendants). Defendants separately answered and asserted, among other affirmative defenses, that, because plaintiff or plaintiff's predecessor(s) in interest had failed to record the mortgage prior to Alamo's purchase of the real property and recording of the deed, Alamo was a bona fide purchaser who had title free and clear of any interest held by plaintiff. In November 2017, two months after the court-ordered discovery deadlines had expired, defendants jointly moved for summary judgment dismissing the complaint against them. Supreme Court granted the motion in a March 2018 decision and order and, thereafter, issued a judgment in favor of Alamo. Plaintiff appeals from both the order and the judgment. We now affirm.
On their motion for summary judgment dismissing the complaint against them, defendants bore the burden of establishing their prima facie entitlement to summary judgment dismissing the complaint against them by coming forward with competent evidence that Alamo was a bona fide purchaser of the subject real property. A bona fide purchaser is someone "who purchases real property in good faith, for valuable consideration, without actual or record notice of another party's adverse interests in the property and [who] is the first to record the deed or conveyance"; once established as a bona fide purchaser, he or she takes title to the real property free and clear of any adverse interest had by another party (Panther Mtn. Water Park, Inc. v County of Essex, 40 AD3d 1336, 1338 [2007]; see Real Property Law §§ 266, 291; 10 Cardinal Lane, LLC v N.K.T. Land Acquisitions, Inc., 117 AD3d 1133, 1134 [2014]). However, a person will not acquire bona fide purchaser status if, at the time of the purchase, he or she had actual or inquiry notice of "the existence of some right, or some title, in conflict with that he [or she] is about to acquire" (Anderson v Blood, 152 NY 285, 293 [1897]; see Booth v Ameriquest Mtge. Co., 63 AD3d 769, 769 [2009]). A person is deemed to have inquiry notice when he or she has knowledge of facts that would "excite the suspicion of an ordinarily prudent person and he [or she] fails to make some investigation"; such person is then "chargeable with th[e] knowledge which a reasonable inquiry, as suggested by the facts, would have revealed" (Anderson v Blood, 152 NY at 293; see Miller-Francis v Smith-Jackson, 113 AD3d 28, 34 [2013]; Booth v Ameriquest Mtge. Co., 63 AD3d at 769; Miner v Edwards, 221 AD2d 934, 934 [1995]).
The proof submitted by defendants in support of their motion established that Alamo purchased the subject property from Jordan for valuable consideration in an arm's length transaction, that plaintiff's mortgage was not recorded in the Tioga County Clerk's office prior to Alamo's purchase of the real property and that Alamo was the first to record his deed. In addition, Alamo stated in an affidavit that he had no knowledge at the time of the purchase that plaintiff or its predecessor(s) in interest held a mortgage on the property and that Mary Finlayson — the attorney who represented both him and Jordan in the conveyance — had informed him that there were no liens or encumbrances on the property that were recorded with the Tioga County Clerk. Further, Finlayson asserted by affidavit that she did not find any adverse interests on the property during a search of the Tioga County Clerk's office, that Jordan advised her that there was no mortgage on the property and that, with the assistance of an outside agency, she determined that there was no existing bankruptcy proceeding involving Jordan. She stated that the inquiry was limited to determining the existence of a pending bankruptcy proceeding and that, although she learned that Jordan had received a discharge several years earlier, she did not review any documents related to that prior bankruptcy proceeding.[FN2] In our view, the foregoing constituted prima facie evidence of Alamo's status as a bona fide purchaser (see 10 Cardinal Lane, LLC v N.K.T. Land Acquisitions, Inc., 117 AD3d at 1134).
In opposition, plaintiff argued that the summary judgment motion was premature because it had not had sufficient time to discover facts that could establish that Alamo had actual or inquiry notice of its mortgage. However, the record fully supports Supreme Court's finding that plaintiff failed to avail itself of the opportunity to conduct discovery and, therefore, we discern no abuse of discretion in the court's determination that plaintiff waived its right to discovery (see Vandashield Ltd v Isaacson, 146 AD3d 552, 556 [2017]). Indeed, the record reflects that Supreme Court had previously denied a motion to dismiss the complaint as premature, that a conference was held between the parties in May 2017 in response to defendants' complaints that plaintiff was not responding to their discovery demands and that, as a result of that conference, Supreme Court had issued a scheduling order directing that all paper discovery be completed by July 17, 2017 and that any depositions be completed by September 8, 2017. Nevertheless, as established by the record, plaintiff did not serve defendants with written discovery demands until July 17, 2017 — the day on which such discovery was to have been completed — and never sought to depose any witnesses. Defendants objected to plaintiff's July 17, 2017 discovery demands as having been received after the court-ordered deadline for the completion of all paper discovery, and there is no indication in the record that plaintiff ever sought an extension of that deadline or other such court intervention to address the objection. Nor did plaintiff provide an excuse as to why it could not comply with the court-ordered deadlines for all paper discovery and any depositions. As Supreme Court noted, plaintiff had roughly a year from the commencement of this action through the court-ordered discovery deadlines to conduct discovery, but failed to timely do so. Under these circumstances, we are unpersuaded by plaintiff's contention that Supreme Court should have denied defendants' motion as premature (see Dunn v County of Niagara, 173 AD3d 1604, 1605 [2019]; Avraham v Allied Realty Corp., 8 AD3d 1079, 1079 [2004]).
Plaintiff also argued in opposition to the motion that triable issues of fact precluded an award of summary judgment dismissing the complaint against defendants. Plaintiff asserted, as relevant here, that defendants were placed on inquiry notice by virtue of the fact that Jordan had been discharged from bankruptcy in 2009 and that, had they inquired further into the details of that prior bankruptcy proceeding, they would have discovered that Jordan's February 2008 voluntary bankruptcy petition — which plaintiff produced — listed a $100,000 mortgage with one of plaintiff's predecessors in interest. However, we agree with Supreme Court that, in the absence of a recorded mortgage or any other indication of an existing mortgage, the mere knowledge that Jordan had been discharged in a bankruptcy proceeding four years prior to the conveyance was insufficient, as a matter of law, to require further inquiry (see 10 Cardinal Lane, LLC v N.K.T. Land Acquisitions, Inc., 117 AD3d at 1135; W.I.L.D. W.A.T.E.R.S. v Martinez, 152 AD2d 799, 800-801 [1989]; compare Bauer v CS-Graces, LLC, 48 AD3d 922, 924-925 [2008], lv denied 10 NY3d 712 [2008]). As plaintiff failed to demonstrate the existence of a triable issue of fact with respect to Alamo's status as a bona fide purchaser in good faith for value (see 10 Cardinal Lane, LLC v N.K.T. Land Acquisitions, Inc., 117 AD3d at 1135), we find no basis upon which to disturb the order and judgment from which plaintiff appeals.
Egan Jr., J.P., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the order and judgment are affirmed, with costs.



Footnotes

Footnote 1: Cindy Alamo has not appeared on this appeal.

Footnote 2: We reject plaintiff's contention that Supreme Court should not have considered Finlayson's affidavit.